CABALLERO LAW LLLC

MATEO CABALLERO                    10081
P.O. Box 235052
Honolulu, Hawaiʻi 96823
Telephone: (808) 600-4749
E-mail:    mateo@caballero.law

ACLU OF HAWAII FOUNDATION

JONGWOOK "WOOKIE" KIM         11020
P.O. Box 3410
Honolulu, Hawaiʻi 96801
Telephone: (808) 522-5905
E-mail:    wkim@acluhawaii.org

Attorneys for Plaintiffs
TAMARA TAYLOR, individually, and
on behalf of her minor child, N.B.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TAMARA TAYLOR, individually and on behalf of her minor child, N.B.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; HAWAII STATE DEPARTMENT OF EDUCATION; CHRISTINE NEVES, in an individual capacity; COREY PEREZ, in an individual capacity; WARREN FORD, in an individual capacity; TERRI RUNGE, in an individual capacity; HPD DEFENDANTS 1-10; and DOE-HI DEFENDANTS 1-10<br><br>Defendants. | CIV. NO. 22-00013-HG-KJM<br><br>[CIVIL RIGHTS ACTION]<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT TERRI RUNGE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; CERTIFICATE OF SERVICE**<br><br>Trial Date: none set<br>Judge: Hon. Helen Gillmor |

1

## **TABLE OF CONTENTS**

I. FACTUAL BACKGROUND ........................................................................ 3

II. LEGAL STANDARD .................................................................................. 5

III. ARGUMENT ................................................................................................ 6

    A.    While Not Required, Plaintiffs Have Pled Sufficient Facts to Plausibly Show That Defendant Runge Acted with Reckless Disregard for the Law and Ms. Taylor and N.B.'s Civil Rights and Liberties. ...................................................................................... 6

    B.    Plaintiffs Are Not Required to Plead Malice with Specificity to Overcome Qualified Privilege as a Defense to Liability. ....................... 9

IV. CONCLUSION ........................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .................................................................................................. 5

*Awakuni v. Awana*,
 115 Hawai'i 126, 165 P.3d 1027 (Haw. 2007) ...................................................... 6

*Chavez v. Robinson*,
 817 F.3d 1162 (9th Cir. 2016) ......................................................................... 11, 13

*Crawford–El v. Britton*,
 523 U.S. 574 (1998) ................................................................................................ 12

*Dawkins v. City & Cty. of Honolulu*, No. 10-00086 HG-KSC,
 2010 WL 3489580 (D. Haw. Aug. 31, 2010) ...................................................... 13

*Dawkins v. City of Honolulu*,
 761 F. Supp. 2d 1080 (D. Haw. 2010) ................................................................. 13

*Doe Parents No. 1 v. State, Dep't of Educ.*,
 100 Hawai'i 34, 58 P.3d 545 (2002), *as amended* (Dec. 5, 2002) ...................... 2

*Elliot-Park v. Manglona*,
 592 F.3d 1003 (9th Cir. 2010) ................................................................................ 9

*Franson v. City & Cty. of Honolulu*, No. CV 16-00096 DKW-KSC,
 2016 WL 4007549 (D. Haw. July 26, 2016) ................................................... 7, 12

*Gomez v. Toledo*,
 446 U.S. 635 (1980) ................................................................................................ 12

*Hollandsworth v. City & Cty. of Honolulu*,
 440 F. Supp. 3d 1163 (D. Haw. 2020) ................................................................. 13

*Ikeda v. City & Cty. of Honolulu*, No. 19-CV-00009-DKW-KJM,
 2019 WL 4684455 (D. Haw. Sept. 25, 2019) ...................................................... 12

*Knievel v. ESPN*,
 393 F.3d 1068 (9th Cir. 2005) ............................................................................. 5

*Long v. Yomes*,
 2011 WL 4412847 (D. Haw. Sept. 20, 2011) ...................................................... 7

*McDonald v. U.S.*,
 102 F.3d 1009 (9th Cir. 1996) ..................................................................... 12, 13

*Medeiros v. Kondo*,
 55 Haw. 499, 522 P.2d 1269 (Haw. 1974) ............................................... 6, 11, 13

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
 521 F.3d 1097 (9th Cir. 2008) ............................................................................. 5

*Mitchell v. Forsyth*,
 472 U.S. 511 (1985) .......................................................................................... 11

*Morgan v. Cnty. of Hawai'i*,
 2016 WL 1254222 (D. Haw. Mar. 29, 2016) ...................................................... 7

*Telesaurus VPC, LLC v. Power*,
 623 F.3d 998 (9th Cir. 2010) ............................................................................... 5

*Towse v. State*,
 64 Haw. 624, 647 P.2d 696 (Haw. 1982) .......................................................... 11

**Rules**

Haw. Admin. Rules § 8-19-19 ................................................................................. 9

Haw. Admin. Rules § 8-19-22 ................................................................................. 9

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT TERRI RUNGE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Plaintiffs TAMARA TAYLOR, individually and on behalf of her minor child, N.B., bring this lawsuit to remedy multiple violations of their rights arising from the false arrest of N.B., then a ten-year old disabled Black girl, at Honowai Elementary School ("***Honowai***") on January 10, 2020. First Am. Comp. ("***FAC***") ¶¶ 1-13. Her false arrest resulted from an unnecessary call to the Honolulu Police Department ("***HPD***") by Defendant Terri Runge ("***Runge***") at the behest of another student's parent following an incident concerning an offensive drawing in school. *Id*. ¶¶ 5, 43.

But Defendant Runge's wrongful actions did not stop at calling the police on a disabled, ten-year old child under her care. Defendant Runge also **(1)** ignored Ms. Taylor's pleas that the police not be called, *id*. ¶ 42, **(2)** failed to explain to HPD that N.B. was disabled and the context for the drawing, *id.* ¶¶ 33, 126, **(3)** allowed N.B. to be interrogated by HPD and other Honowai staff without a parent or counsel present, *id*. ¶¶ 6, 49, 106, 126, **(4)** once Ms. Taylor arrived to Honowai, based on racial stereotypes about "angry Black women," Defendant Runge prevented Ms. Taylor from talking to, counseling, and assisting her daughter, *id.* ¶¶ 62, 64, 106, 126, **(5)** did not investigate other children—all of

1

whom were non-Black—involved in making the drawing, *id.* ¶¶ 11, 63, 105, 106, and **(6)** failed to account for N.B.'s disability during the entire incident. *id.* ¶ 126.

These actions and omissions breached Defendant Runge's duty of care towards Ms. Taylor and N.B. to take reasonable measures as would be taken by reasonable parents to avoid injury to N.B. *Doe Parents No. 1 v. State, Dep't of Educ.*, 100 Hawai'i 34, 73, 58 P.3d 545, 584 (2002), *as amended* (Dec. 5, 2002). Ms. Runge's actions and inactions also increased the likelihood that N.B. would be injured and falsely arrested. FAC ¶ 127. Thus, Plaintiffs are suing Defendant Runge for negligence and negligent infliction of emotional distress. FAC ¶¶ 123-130 (sixth cause of action).

Defendant Runge moves to dismiss these claims asserting qualified privilege and claiming that Plaintiffs have not pled sufficient facts under *Twombly* to overcome this defense by showing that Defendant Runge acted with malice. Mem. in Supp. of Mot. at 2-4. This argument fails for two separate reasons. First, while not required to do so at the pleading stage, Plaintiffs have alleged sufficient facts to plausibly show that Defendant Runge acted with reckless disregard for the law and Plaintiffs' civil rights and liberties. Second, at this stage, Plaintiffs are not required to plead with specificity the elements to overcome an anticipated defense such as qualified privilege.

I.  **FACTUAL BACKGROUND**

As described in the FAC, on January 10, 2020, N.B. was a ten-year-old girl attending fifth grade at Honowai. FAC ¶ 29. At that time, she had been diagnosed with ADHD, which affected her ability to pay attention and limited her in other life activities. *Id.* ¶ 30. For that reason, the Hawaiʻi Department of Education had prepared a Section 504 plan with various accommodations for N.B., including the use of "positive behavior management strategies." *Id.* ¶ 31. Additionally, at the suggestion of mental health professionals and encouraged by her family, N.B. had taken on drawing as a habit, creative-outlet, and a way to cope with her ADHD and her being bullied at school. *Id.* ¶ 33. Defendant Runge, the vice principal of Honowai at the time, was aware of N.B.'s drawing habit. *Id.*

On January 9, 2020, following an incident with a girl named E., N.B. made a drawing with the assistance of three classmates for E. *Id.* ¶¶ 34-36. When it was finished, N.B. thought the drawing was a bad idea and she did not want to give it to E. anymore. *Id.* ¶37. One of the other kids involved took the drawing and gave it to one of E.'s friends, K., later that day, who in turn gave it to a Honowai staff member. *Id.* ¶¶ 38-39.

On January 10, 2020, around 7:40 am, K.'s mother went to Honowai upset about the drawing, met with Defendant Runge, and demanded that the school call the police. *Id.* ¶ 40. Defendant Runge later admitted that K.'s mother was being

3

unreasonable. *Id*. ¶ 45. On or around 8:40 a.m., Defendant Runge called Ms. Taylor and told her to come to school because they were about to call the police. *Id*. ¶¶ 41-42. Ms. Taylor implored Defendant Runge not to do so. *Id*. ¶ 42. Nevertheless, Defendant Runge called the police at the request of K.'s mother, who refused to leave Defendant Runge's office otherwise, without considering whether it was necessary or in the students' best interest to call the police for a mere drawing. *Id*. ¶¶ 43, 126. Upon HPD's arrival at school, Defendant Runge failed to tell HPD that N.B. was disabled. *Id*. ¶ 126.

Once Ms. Taylor arrived to the school she was prevented by Honowai staff and HPD officers from talking, counseling, or assisting her daughter. *Id*. ¶¶ 62, 64, 106, 126. Unbeknownst to Ms. Taylor, N.B. had been interrogated without any Miranda warnings by the HPD officers and DOE staff about the drawing incident. *Id*. ¶ 49. None of the other kids involved in making the drawing were questioned and none of them were Black either. *Id*. ¶¶ 11, 63, 105, 106. Eventually, N.B. was falsely arrested by HPD. *Id*. ¶ 54. During the entire incident, in spite of the Section 504 plan, Defendant Runge failed to account for N.B.'s disability. *Id*. ¶ 126.

Days after the arrest, Ms. Taylor asked Defendant Runge about why she had been detained in a room in the school that day and Defendant Runge explained that they had to stop Ms. Taylor because they saw "fire in her eyes." *Id*. ¶ 62. In another, later conversation, Defendant Runge explained to Ms. Taylor that she had

4

prevented Ms. Taylor from leaving the room because she was concerned that Ms. Taylor would get arrested for intervening and attacking the other parent or the police. *Id.* ¶ 64. These explanations were based on prejudiced assumptions and stereotypes about "angry Black women." *Id.* ¶ 106.

## II. LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). On motions to dismiss, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face; that is, plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (cleaned up) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III. ARGUMENT

### A. While Not Required, Plaintiffs Have Pled Sufficient Facts to Plausibly Show That Defendant Runge Acted with Reckless Disregard for the Law and Ms. Taylor and N.B.'s Civil Rights and Liberties.

Even though, as explained below, Plaintiffs were not required to plead malice with specificity to overcome the anticipated defense of qualified privilege, the FAC pleads a number of non-conclusory facts to plausibly allege that Defendant Runge acted with "malice" in that she acted with reckless disregard for Plaintiffs' civil rights and liberties as a disabled child and persons of color.

Under the qualified privilege doctrine, "if an official in exercising his authority is motivated by malice, and not by an otherwise proper purpose, then he should not escape liability for the injuries he causes." *Medeiros v. Kondo*, 55 Haw. 499, 503, 522 P.2d 1269, 1271 (Haw. 1974). In interpreting the word "malice," the Hawaiʻi Supreme Court has explained:

> Black's Law Dictionary defines "malicious" as "[s]ubstantially certain to cause injury" and "[w]ithout just cause or excuse." Black's Law Dictionary 977 (8th ed.2004). "Malice" is defined as "[t]he intent, without justification or excuse, to commit a wrongful act[,]" "reckless disregard of the law or of a person's legal rights[,]" and "[i]ll will; wickedness of heart." *Id*. at 976.

*Awakuni v. Awana*, 115 Hawaiʻi 126, 141, 165 P.3d 1027, 1042 (Haw. 2007).

This Court, in turn, has held that the "higher burden of proof with respect to malice does not necessarily preclude a claim based on negligence." *Franson v. City*

6

*& Cty. of Honolulu*, No. CV 16-00096 DKW-KSC, 2016 WL 4007549, at *8 (D. Haw. July 26, 2016) (quoting *Morgan v. Cnty. of Hawai'i*, 2016 WL 1254222, at *21 (D. Haw. Mar. 29, 2016)); *see also Long v. Yomes*, 2011 WL 4412847, at *7 (D. Haw. Sept. 20, 2011) ("[C]onduct performed with 'reckless disregard of the law or of a person's legal rights' may be negligent, even though negligent conduct often does not involve malice." (citations omitted)).

Here, the FAC alleges that Defendant Runge's conduct on January 10, 2020, included: (1) calling the police on a disabled ten-year old child under her care to appease a parent, who was being unreasonable, FAC ¶¶ 5, 43, 45, (2) ignoring Ms. Taylor's pleas that the police not be called, *id*. ¶ 42, (3) even though N.B. had a Section 504 plan with the school, failing to explain to HPD that N.B. was disabled and the context for the drawing, *id*. ¶¶ 33, 126, (4) allowing N.B. to be interrogated by HPD and other Honowai staff without a parent or counsel present, *id*. ¶¶ 6, 49, 106, 126, (5) preventing Ms. Taylor from talking to, counseling, and assisting her daughter due to prejudiced fears that Ms. Taylor would get arrested for intervening and attacking the other parent or the police, *id*. ¶¶ 62, 64, 106, 126, (6) failing to investigate other, non-Black children involved in making the drawing, *id*. ¶¶ 11, 63, 105, 106, and (7) failing to account for N.B.'s disability during the entire incident, including by not using "positive behavior management strategies" as required by N.B.'s Section 504 plan. *Id*. ¶¶ 31, 118, 120, 126.

Plaintiffs allege that these actions violated, or contributed to violations of, Ms. Taylor and N.B.'s civil rights under both federal and state laws prohibiting discrimination on the basis of race and disability. *Id*. ¶¶ 101-122 (fourth and fifth causes of action asserting claims for racial and disability discrimination in violation of Title VI of the Civil Rights Act of 1964, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act). For example, Plaintiffs allege that Defendant Runge prevented Ms. Taylor from talking to, counseling, and assisting her daughter because of unsubstantiated fears about Ms. Taylor based on racial stereotypes. *Id*. ¶¶ 62, 64, 106, 126. Defendant Runge also failed to investigate the other, non-Black kids involved, even though they were intimately involved in making the drawing. *Id*. ¶¶ 11, 36, 63, 105, 106. Similarly, Plaintiffs allege that even though N.B. had a Section 504 plan and Defendant Runge knew that N.B. drew constantly as a manifestation of her disability, Defendant Runge called the police, failed to inform them about N.B.'s disability, and failed to provide her with "positive behavior management strategies" as required by the plan. *Id*. ¶¶ 31, 33, 126. These actions were malicious in that they were plausibly taken with reckless disregard for the law and N.B.'s rights as a disabled minor and N.B. and Ms. Taylor's rights as people of color. *See Elliot-Park v. Manglona*, 592

F.3d 1003, 1007 (9th Cir. 2010) ("The government may not racially discriminate in the administration of any of its services.").[1]

### B. Plaintiffs Are Not Required to Plead Malice with Specificity to Overcome Qualified Privilege as a Defense to Liability.

In any event, at this stage of the proceedings, Plaintiffs are not required to plead with specificity the facts sufficient to overcome qualified privilege, which is a <u>defense</u> to liability, and not <u>an element</u> of the claim for relief.

When the Hawaiʻi Supreme Court first recognized "conditional or qualified privilege" as a defense in tort suits against government officials, it made clear that the doctrine was a defense to liability but that its elements were not incorporated into the relevant claim. In this respect, the Hawaiʻi Supreme Court explicitly spoke of malice at length in *Medeiros,* not as an additional element to tort claims against government officials, but rather as a heightened burden of proof for plaintiffs <u>at trial</u> once the defense has been asserted by government officials:

> We feel strongly that if an official in exercising his authority is motivated by malice, and not by an otherwise proper purpose, then he should not escape liability for the injuries he causes. To reach that end we view the problem as one of limited liability and not immunity from the action itself. It is not possible in practice to

---

[1] Defendant Runge also acted with reckless disregard of DOE's regulations by (1) calling the police when there was no perceived danger that could not be handled through school disciplinary procedures, Haw. Admin. Rules ("***HAR***") § 8-19-19(b); FAC ¶¶ 9, 106, and (2) allowing N.B. to be interrogated by HPD and Honowai staff without Ms. Taylor present. HAR § 8-19-22(a); FAC ¶¶ 6, 49, 106, 126.

9

confine such actions to the guilty. A finding of liability however can be confined to the guilty . . . .

We are unwilling to deny plaintiffs a 'mere inquiry into malice.' This court has a strong preference for allowing all litigants their day in court. In balancing the mere inquiry into malice against the possibility of actual malice we find that the burden of a trial is outweighed by plaintiff's right to be heard on the merits of his case. We do not feel that the possible burden of a trial would discourage good men and women from public service. We are concerned however with what Judge Hand terms 'the inevitable danger of its outcome.' The burden of a trial is mere inconvenience. The inevitable danger of its outcome, the possibility of an actual holding of liability against an innocent official is the real crux of the matter. It is indeed the possible liability and not the possible trial that will deter good people from government service. There can be no doubt then that the public interest requires adequate protection for the innocent public servant's pocketbook. We reject the federal rule of absolute immunity as a method of balancing the conflicting interests. What we seek is a compromise which will allow the injured party to be heard yet protect the innocent public servant's pocketbook. . . .

*We hold that the best way to balance the interests of the maliciously injured party against the innocent official is to allow the action to proceed but to limit liability to only the most guilty of officials by holding plaintiff to a higher standard of proof than in a normal tort case.* To this end we allocate to plaintiff the burden of adducing clear and convincing proof that defendant was motivated by malice and not by an otherwise proper purpose.

We feel that the compromise of allowing plaintiff his day in court, albeit with a high burden of proof, and its attendant burden of trial on innocent defendants if preferable to a rule of immunity which history has shown to be unjust. Absolute immunity is a rule that is no longer

> tenable in a society as complex as ours where we have
> seen burglary, eavesdropping, bribery and perjury under
> color of authority.

*Medeiros*, 55 Haw. at 503-4, 522 P.2d at 1271-72 (emphasis added); *Towse v. State*, 64 Haw. 624, 633, 647 P.2d 696, 703 (Haw. 1982) ("[T]he issue of the existence of malice is generally for the jury's determination."). Therefore, as the Hawai'i Supreme Court exhorted in *Medeiros*, at this stage, this Court should not "deny plaintiffs a 'mere inquiry into malice,'" merely because Defendant Runge intends to raise qualified privilege as a defense to liability. *Compare Medeiros*, 55 Haw. at 503-4, 522 P.2d at 1271-72 ("We reject the federal rule of absolute immunity as a method of balancing the conflicting interests.") *with Mitchell v. Forsyth*, 472 U.S. 511, 512 (1985) ("Qualified immunity, similar to absolute immunity, is an entitlement not to stand trial under certain circumstances. Such entitlement is an immunity from suit rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

This conclusion is further supported by federal precedent explicitly stating that plaintiffs in federal court are not required to anticipate and plead around defenses in their complaints. *See Chavez v. Robinson*, 817 F.3d 1162, 1169 (9th Cir. 2016) (in PLRA lawsuit by *pro se* inmate, refusing to "require plaintiffs to anticipate or plead around qualified immunity defenses in their complaints." (citing

*Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("Since qualified immunity is a defense, the burden of pleading it rests with the defendant."); *Crawford–El v. Britton*, 523 U.S. 574, 595 (1998) ("We [have] refused to change the Federal Rules governing pleading by requiring the plaintiff to anticipate the immunity defense[.]"));[2] *McDonald v. U.S.*, 102 F.3d 1009, 1011 (9th Cir. 1996) ("We find instructive the Supreme Court's statement that there is 'no basis for imposing on the plaintiff an obligation to anticipate a defense by stating in his complaint that the defendant acted in bad faith.'" (citing *Gomez*, 446 U.S. at 640)). Here, qualified privilege is a defense to liability and thus at this early stage, Plaintiffs have no obligation to anticipate or plead with specificity malice to overcome this defense. *See also Franson v. City & Cty. of Honolulu*, No. CV 16-00096 DKW-KSC, 2016 WL 4007549, at *9 (in excessive force suit, declining "to find at this preliminary stage that the 'qualified or conditional privilege' bars Plaintiffs' negligence causes of action as a matter of law"); *Ikeda v. City & Cty. of Honolulu*, No. 19-CV-00009-DKW-KJM, 2019 WL 4684455, at *9 (D. Haw. Sept. 25, 2019) (refusing to dismiss state claims on qualified privilege grounds, because "'the issue of the existence of malice is generally for the jury's determination,' unless the defendant

---

[2] In *Chavez*, the Ninth Circuit held that a district court may dismiss a claim on qualified immunity grounds under the PLRA, "but only if it is clear from the complaint that the plaintiff can present no evidence that could overcome a defense of qualified immunity." *Chavez,* 817 F.3d at 1169. In other words, for defenses such as qualified immunity, the standard is not plausibility but possibility.

is entitled to summary judgment."); *Dawkins v. City & Cty. of Honolulu*, No. 10-00086 HG-KSC, 2010 WL 3489580, at *4 (D. Haw. Aug. 31, 2010) (J. Gillmor) (declining to dismiss negligence claims on qualified privilege grounds, because "[a]t this time, the issues of qualified immunity and malice have not been 'removed from the case by uncontroverted affidavits and depositions.'" (citations omitted)).[3] Therefore, Plaintiffs have pled sufficient facts to state a claim against Defendant Runge for negligence and negligent infliction of emotional distress.

## IV. CONCLUSION

For the reasons stated above, the Court should deny Defendant Runge's motion to dismiss.

DATED: Honolulu, Hawai'i, April 20, 2022

/s/ Mateo Caballero
Mateo Caballero
CABALLERO LAW LLLC

*Attorney for Plaintiffs*
TAMARA TAYLOR, individually and on behalf of her minor child, N.B.

---

[3] While Plaintiffs are aware of other cases in this district that have dismissed state claims against government officials for failure to plausibly plead malice, it does not appear that those decisions considered the issue of whether a complaint was required under *Medeiros*, *Chavez*, and *McDonald* to plead malice with specificity to overcome qualified privilege as an anticipated defense. *See, e.g., Hollandsworth v. City & Cty. of Honolulu*, 440 F. Supp. 3d 1163, 1183 (D. Haw. 2020); *Dawkins v. City of Honolulu*, 761 F. Supp. 2d 1080, 1091 (D. Haw. 2010). That being said, here, the FAC pled malice with more specificity than in the cases where the claims were dismissed. *See supra*.