IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TAMARA TAYLOR, Individually and on behalf of her minor child, N.B., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF HONOLULU; HAWAII STATE DEPARTMENT OF EDUCATION; TERRI RUNGE; CHRISTINE NEVES; COREY PEREZ; WARREN FORD; HPD DEFENDANTS 1-10; DOE-HI DEFENDANTS 1-10, <br><br> Defendants. | CIV. NO. 22-00013 HG-KJM |

**ORDER GRANTING DEFENDANT TERRI RUNGE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF No. 27) WITH LEAVE TO AMEND**

The case arises out of allegations that on January 10, 2020, N.B., a 10-year-old, disabled, Black girl, was arrested and handcuffed by the Honolulu Police Department at her public elementary school for a drawing she made with other classmates. (First Amended Complaint at ¶¶ 2-3, ECF No. 20).

On March 7, 2022, Plaintiffs filed the First Amended Complaint.  The First Amended Complaint asserts numerous causes of action by N.B.'s mother on behalf of herself and her minor child against the City and County of Honolulu, the Hawaii State Department of Education, and several individual defendants.

Plaintiffs assert Defendant Terri Runge was the vice principal at Honowai Elementary School where N.B. attended

1

school.  (Id. at ¶¶ 5, 22, 26).  Plaintiffs claim Defendant Runge called the police at the insistence of a parent who was upset about the drawing that N.B. helped create.  (Id. at ¶¶ 40-41).  Plaintiffs assert Defendant Runge discriminated against N.B. and her mother.  (Id. at ¶¶ 105, 106(a), 126).

The Sixth Cause of Action in the First Amended Complaint for "Negligence and Negligent Infliction of Emotional Distress" contains the claims asserted against Defendant Runge.  (Id. at pp. 29-31).  The First Amended Complaint alleges that Defendant Runge acted "knowingly, willfully, with malicious intent, with gross negligence, and in reckless disregard for Plaintiffs' rights."  (Id. at ¶ 128).

On April 4, 2022, Defendant Terri Runge filed DEFENDANT TERRI RUNGE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT.  (ECF No. 27).  Defendant Runge seeks to dismiss the claims against her on the basis that Plaintiffs failed to plausibly allege that she acted with malice.  Plaintiffs assert that the conclusory allegation that she acted with malicious intent is insufficient under the standard set forth in Twombly and Iqbal.

On April 20, 2022, Plaintiffs filed their Opposition to Defendant Runge's Motion.  (ECF No. 33).

On May 4, 2022, Defendant Runge filed her Reply.  (ECF No. 36).

On May 23, 2022, the Court held a hearing on Defendant Runge's Motion to Dismiss.  (ECF No. 43).

**STANDARD OF REVIEW**

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Id.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotation

omitted).

## ANALYSIS

### I.   Conditional Privilege

Hawaii law provides that a nonjudicial government official has a qualified or conditional privilege with respect to tortious actions taken in the performance of a public duty. Towse v. State of Hawaii, 647 P.2d 696, 702 (Haw. 1982). Conditional privilege shields the government official from liability unless the plaintiff alleges and demonstrates by clear and convincing proof that the official was motivated by malice and not by an otherwise proper purpose. Long v. Yomes, Civ. No. 11-00136 ACK-KSC, 2011 WL 4412847, *6 (D. Haw. Sept. 20, 2011).

"Malicious or improper purpose" is defined in "its ordinary and usual sense." Awakuni v. Awana, 165 P.3d 1027, 1042 (Haw. 2007). The Hawaii Supreme Court adopted the Black's Law Dictionary definitions of "maliciousness" and "malice" which provide the following meanings:

(1)   substantially certain to cause injury and without just cause or excuse;

(2)   the intent, without justification or excuse, to commit a wrongful act, reckless disregard of the law or of a person's legal rights; and,

(3)   ill will, wickedness of heart.

(Id.)

The requirement that a plaintiff show actual malice to overcome the conditional privilege is a significant obstacle, but

4

it does not preclude negligence liability in all cases.  <u>Krizek v. Queens Med. Ctr.</u>, Civ. No. 18-00293 JMS-WRP, 2019 WL 3646567, *7 (D. Haw. Aug. 6, 2019).  "In particular, conduct performed with reckless disregard of the law or of a person's legal rights may be negligent."  <u>Id.</u>

Plaintiffs' argument that they do not need to plead malice in order to state a tort claim against a nonjudicial government official fails to recognize the plausibility pleading standard applicable in federal court pursuant to <u>Twombly</u> and <u>Iqbal</u>.

Courts in this District have repeatedly ruled that "[f]or a tort action to lie against a nonjudicial government official, the injured party must ***allege*** and demonstrate by clear and convincing proof that the official was motivated by malice and not by an otherwise proper purpose."  <u>Cornel v. Hawaii</u>, Civ. No. 19-00236 JMS-RT, 2020 WL 3271934, *4 (D. Haw. June 17, 2020) (quoting <u>Edenfield v. Estate of Willets</u>, Civ. NO. 05-00418 SOM-BMK, 2006 WL 1041724, at *12 (D. Haw. Apr. 14, 2006)) (emphasis added).

**II. Plaintiffs Are Given Leave To Amend**

To state a claim pursuant to <u>Twombly</u> and <u>Iqbal</u>, there must be sufficient factual content that makes liability plausible. Conclusory allegations or formulaic recitations of the elements of a cause of action are insufficient.  <u>Long</u>, 2011 WL 4412847, at *4.

In Plaintiffs' Opposition, they set forth the factual and

5

legal basis upon which they base their claim that Defendant Runge was motivated by malice. (Opposition at pp. 7-9, ECF No. 33). In addition, Plaintiffs claim Defendant Runge recklessly disregarded the law and ignored the rights of N.B. and her mother.

Specifically, Plaintiffs state that Defendant Runge discriminated against N.B. because of her disability when she called the police on N.B., failed to inform the officers of N.B.'s disability, and failed to comply with N.B.'s Section 504 plan. (Id. at p. 8). Plaintiffs also allege in the Opposition the factual basis upon which they contend Defendant Runge discriminated against N.B. and her mother because of their race. The Opposition includes allegations that Defendant Runge engaged in inappropriate racial stereotyping and treated non-Black children and parents differently than Plaintiffs. (Id.)

Plaintiffs' Opposition also claims that Defendant Runge acted with reckless disregard of the Hawaii Department of Education regulations by:

(1) calling the police when there was no perceived danger that could not be handled through school disciplinary procedures; Haw. Admin. Rules ("HAR") § 8-19-19(b); and,

(2) allowing N.B. to be interrogated by Honolulu Police Officers and Honowai staff without N.B.'s mother present in violation of Haw. Admin Rules. § 8-19-22(a).

(Id. at p. 9 n.1).

The specificity provided in Plaintiffs' Opposition regarding Defendant Runge is missing from the First Amended Complaint. The

6

First Amended Complaint makes general allegations about discriminatory and reckless actions by Department of Education employees, but it does not provide the same detail nor does it provide the specific acts attributable to Defendant Runge as is done in the Opposition.

Plaintiffs are given leave to amend to include the factual and legal basis upon which they base their claim that Defendant Runge was motivated by malice.  Such allegations are required in order for Plaintiffs to plausibly state a tort claim against Defendant Runge.

## CONCLUSION

Defendant Runge's Motion to Dismiss (ECF No. 27) is **GRANTED WITH LEAVE TO AMEND.**

Plaintiffs shall file the Second Amended Complaint on or before Wednesday, June 8, 2022.

IT IS SO ORDERED.

DATED: May 25, 2022, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Tamara Taylor, Individually, and on behalf of her minor child, N.B. v. City and County of Honolulu; Hawaii State Department of Education; Terri Runge; Christine Neves; Corey Perez; Warren Ford; HPD Defendants 1-10; DOE-HI Defendants 1-10, Civ. No. 22-00013 HG-KJM; **ORDER GRANTING DEFENDANT TERRI RUNGE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF No. 27) WITH LEAVE TO AMEND**