IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

TAMARA TAYLOR, Individually and )   CIV. NO. 22-00013 HG-KJM
on behalf of her minor child,  )
N.B.,                          )
                               )
             Plaintiffs,       )
                               )
        vs.                    )
                               )
CITY AND COUNTY OF HONOLULU;   )
HAWAII STATE DEPARTMENT OF     )
EDUCATION; TERRI RUNGE;        )
CHRISTINE NEVES; COREY PEREZ;  )
WARREN FORD; HPD DEFENDANTS 1- )
10; DOE-HI DEFENDANTS 1-10,    )
                               )
             Defendants.       )
_____)

**ORDER DENYING PLAINTIFFS' MOTION TO REDACT PORTIONS OF DEFENDANT TERRI RUNGE'S REPLY MEMORANDUM (ECF No. 37)**

**and**

**DENYING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO SUBSTANTIVELY JOIN DEFENDANT TERRI RUNGE'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REDACT PORTIONS OF DEFENDANT TERRI RUNGE'S REPLY IN SUPPORT OF MOTION TO DISMISS (ECF No. 40)**

The case arises out of allegations that on January 10, 2020, N.B., a 10-year-old, disabled, Black girl, was arrested and handcuffed by the Honolulu Police Department at her public elementary school for a drawing she made with other classmates.

On April 4, 2022, Defendant Terri Runge filed DEFENDANT TERRI RUNGE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT. (ECF No. 27).

On April 20, 2022, Plaintiffs filed their Opposition to

1

Defendant Runge's Motion.  (ECF No. 33).

On May 4, 2022, Defendant Runge filed her Reply.  (ECF No. 36).

On May 12, 2022, Plaintiffs filed a MOTION TO REDACT PORTIONS OF DEFENDANT TERRI RUNGE'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FILED ON MAY 4, 2022 (ECF No. 37).

On May 18, 2022, Defendant Terri Runge filed her Opposition. (ECF No. 39).

On May 19, 2022, Defendant City and County of Honolulu filed a MOTION TO SUBSTANTIVELY JOIN DEFENDANT TERRI RUNGE'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REDACT PORTIONS OF DEFENDANT TERRI RUNGE'S REPLY IN SUPPORT OF MOTION TO DISMISS (ECF No. 40).

On May 23, 2022, the Court held a hearing on Plaintiffs' Motion to Redact and Defendant City and County of Honolulu's Motion to Join.  (ECF No. 43).

## STANDARD OF REVIEW

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)).  The right extends to pretrial documents filed in civil cases.  Kamakana, 447 F.3d at 1178.

The Ninth Circuit Court of Appeals has explained that there is a strong presumption in favor of access to court records and that sealing records is disfavored.  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).  To overcome the strong presumption in favor of full access, the party seeking to seal or redact portions of court records related to a dispositive motion must provide "sufficiently compelling reasons" to override the public policies in favor of full access and disclosure.  Kamakana, 447 F.3d at 1178.

The party seeking redaction must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.  Id. at 1178-79; see also District of Hawaii Local Rule 5.2(c).

## **ANALYSIS**

Plaintiffs seek to require Defendant Terri Runge to redact portions of her Reply brief.  Specifically, Plaintiffs object to Defendant Runge's use of the term "death threat" in her Reply to the Opposition to her Motion to Dismiss.

Plaintiffs' First Amended Complaint alleges that Defendant Runge was the vice principal of the school Plaintiff's minor child, N.B., attended.  Plaintiffs allege that Defendant Runge violated N.B.'s rights when she called the police as a result of

a drawing N.B. made with other classmates at the school.

Defendant Runge moved to dismiss the First Amended Complaint, asserting that she did not act with malice when she called the police. Defendant Runge states that she called the police because she perceived the drawing as a "death threat." Plaintiffs seek to prevent Defendant Runge from using the term.

A Motion to Redact pleadings related to a motion to dismiss must meet the stringent "compelling reasons" standard. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1098 (9th Cir. 2016) (explaining that the compelling reasons standard applies to most judicial records including dispositive motions, motions that are more than tangentially related to the merits of the case, and their related pleadings).

In order to evaluate whether there are compelling reasons to overcome the strong presumption of access to court records, the Court must consider whether the disclosure of the material could result in improper use for scandalous or libelous purposes. Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995).

Plaintiffs rely on various federal and state statutes and the Hawaii State Constitution in support of their Motion to Redact, specifically:

(1)  The Family Educational And Privacy Rights Act, 20 U.S.C. § 1232g;

(2)  The Hawaii State Constitution, Article I, Section 6; and,

(3)  Chapters 571, 846, and 92F of the Hawaii Revised Statutes.

I.   **The Federal Family Educational And Privacy Rights Act Does Not Support Plaintiff's Motion to Redact Defendant's Reply Brief**

The Family Educational And Privacy Rights Act, 20 U.S.C. § 1232g(b), provides, in part:

> (1)   No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein....) of students without the written consent of their parents to any individual, agency, or organization, other than to the following—
>
> (A)   other school officials, including teachers within the educational institution or local educational agency, who have been determined by such agency or institution to have legitimate educational interests, including the educational interests of the child for whom consent would otherwise be required....

20 U.S.C. § 1232g(b)(1)(A).

The Family Educational And Privacy Rights Act's definition of "educational records" states that the term means "those records, files, documents, and other materials which contain information directly related to a student and are maintained by an educational agency or institution or by a person acting for such agency or institution."  20 U.S.C. § 1232g(a)(4)(A)(i)-(ii). Disciplinary records may be included as part of a child's educational record.  Id. at 1232g(h)(1)-(2).

Disciplinary records may be disclosed without parental consent to teachers and school officials, including teachers and school officials in other schools, who have legitimate

educational interests in the behavior of the student.  Id.
Educational records may also be subject to disclosure under
certain circumstances pursuant to a court order.  See id. at
1232g(b)(2)(B), (j)(4).

Plaintiffs assert that Defendant's Reply should be redacted
because of the child's right to privacy pursuant to the Family
Educational and Privacy Rights Act.

The Family Educational And Privacy Rights Act does not
create a private right of action.  Gonzaga University v. DOE, 536
U.S. 273, 288-90 (2002).  The Act explicitly limits enforcement
power to the United States Secretary of Education.  29 U.S.C. §
1232g(f).  No private party has standing to bring a claim
pursuant to the Family Educational And Privacy Rights Act.
Gonzaga University, 536 U.S. at 288-90.

The Ninth Circuit Court of Appeals has explained, however,
that despite the ruling in Gonzaga, "maintaining the privacy of
sensitive student records remains a significant government
interest."  Desyllas v. Bernstine, 351 F.3d 934, 940 n.2 (9th
Cir. 2003).

In this case, the Family Educational and Privacy Rights Act
is inapplicable because no educational record was disclosed by
Defendant Runge.  No educational record of N.B. has been filed on
the Docket.  Defendant Runge did not attach any educational
record or any other evidence to her Reply.  Defendant merely
characterizes the drawing that the child made with other

students.  There is no compelling reason to redact Defendant's characterization from her Reply.  The Act is intended to protect the "release" of a student's private, educational records, which did not occur here.

## II.  The Hawaii State Constitution, Article I, Section 6 Does Not Support Plaintiff's Motion to Redact Defendant's Reply Brief

Article I, Section 6 of the Hawaii State Constitution provides:

> The right of the people to privacy is recognized and shall not be infringed without the showing of a compelling state interest.  The legislature shall take affirmative steps to implement this right.

Haw. Const. art. I., sec. 6.

Article I, Section 6 of the Hawaii State Constitution "establishes a floor for protection of privacy rights" to keep confidential information which is highly personal and intimate. Peer News LLC v. Cty. & Cnty. of Honolulu, 376 P.3d 1, 14, 14 n.9 (Haw. 2016).  The legislature has the power to create more substantive rights than are provided for in the constitution, but not less.  Id.

A court evaluating whether a disclosure of information implicates the constitutional right to privacy must consider whether the disclosure would result in tort liability for invasion of privacy as set forth in Restatement (Second) of Torts § 652D.  State of Hawaii Org. of Police Officers (SHOPO) v. Soc'y. of Pro. Journalists - Univ. of Hawaii Chapter, 927 P.2d

7

386, 406 (Haw. 1996), overruled in part, as explained in

Organization of Police Officers v. Cty. and Cnty. of Honolulu,

494 P.3d 1225, 1244 (Haw. 2021); see also Dung v. Shelly

Eurocars, LLC, 470 P.3d 1128, *3 (Haw. App. Aug. 28, 2020)

(examining a right to privacy claim pursuant to the Hawaii State

Constitution by examining tort liability under the Restatement

(Second) of Torts).

    The Restatement (Second) of Torts provides that one who

gives publicity to a matter concerning the private life of

another is subject to liability to the other for invasion of

privacy if the matter publicized is:

    (1)  of a kind that would be regarded as highly offensive to
         a reasonable person; and,

    (2)  is not of legitimate concern to the public.

Restatement (Second) of Torts § 652D.

    Here, there is no improper disclosure of private information

by Defendant Runge in the Reply.  No private record of N.B. was

filed.  Neither the drawing itself nor any other exhibit or

document from N.B.'s educational record has been filed.

Defendant's characterization of the drawing is not improper and

does not violate Plaintiffs' privacy rights.  Defendant's use of

the term to describe the drawing based on her own perception

would not subject her to tort liability.  Plaintiffs have not put

forth a compelling reason to redact Defendant's Reply based on

the Hawaii State Constitution's right to privacy.

8

### III.  **Plaintiffs' Reliance On Other Statutes Does Not Support Their Motion to Redact Defendant's Reply Brief**

Plaintiffs also cite to Chapters 571, 846, and 92F of the Hawaii Revised Statutes in support of their Motion to Redact. None of these statutes apply here.

First, Chapter 571 governs disclosure of family court records.  There is no indication that the drawing at issue is subject to confidentiality due to its use in a family court proceeding.

Second, Chapter 846 involves records of juvenile delinquency, which is also not applicable in this case.

Third, Haw. Rev. Stat. § 92F-14(b)(2), as cited by Plaintiffs, pertains to ongoing law enforcement investigations, and Plaintiffs' First Amended Complaint asserts that N.B. was never charged or convicted of a crime and the drawing is not subject to § 92F-14(b)(2).

Plaintiffs' reliance on various federal and state statutes and the Hawaii Constitution is misplaced and does not support redaction of Defendant's Reply.  The public's right to access court records outweighs Plaintiffs' request for redaction. Plaintiffs may disagree with Defendant Runge's characterization of the drawing in the Reply, but Plaintiffs have not established that redaction is appropriate.

The drawing has not been filed on the Docket.  The Court need not determine whether the drawing itself is subject to seal

9

in order to adjudicate Defendant Runge's Motion to Dismiss.  The
Court has not reviewed the drawing.  Contrary to the position of
the Defendant City and County of Honolulu in its Motion to Join,
the Court cannot make a determination as to whether there are
compelling reasons to seal the drawing without reviewing it <u>in
camera</u>.

Plaintiffs' Motion to Redact Defendant's Reply (ECF No. 37)
is **DENIED.**

Defendant City and County's Motion to Join (ECF No. 40) is
**DENIED.**

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

## CONCLUSION

PLAINTIFF'S MOTION TO REDACT PORTIONS OF DEFENDANT TERRI RUNGE'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FILED ON MAY 4, 2022 (ECF No. 37) is **DENIED.**

DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO SUBSTANTIVELY JOIN DEFENDANT TERRI RUNGE'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REDACT PORTIONS OF DEFENDANT TERRI RUNGE'S REPLY IN SUPPORT OF MOTION TO DISMISS (ECF No. 40) is **DENIED.**

IT IS SO ORDERED.

DATED: May 25, 2022, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Tamara Taylor, Individually, and on behalf of her minor child, N.B. v. City and County of Honolulu; Hawaii State Department of Education; Terri Runge; Christine Neves; Corey Perez; Warren Ford; HPD Defendants 1-10; DOE-HI Defendants 1-10, Civ. No. 22-00013 HG-KJM; **ORDER DENYING PLAINTIFFS' MOTION TO REDACT PORTIONS OF DEFENDANT TERRI RUNGE'S REPLY MEMORANDUM (ECF No. 37) and DENYING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO SUBSTANTIVELY JOIN DEFENDANT TERRI RUNGE'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REDACT PORTIONS OF DEFENDANT TERRI RUNGE'S REPLY IN SUPPORT OF MOTION TO DISMISS (ECF No. 40)**