CABALLERO LAW LLLC

MATEO CABALLERO                    10081
P.O. Box 235052
Honolulu, Hawaiʻi 96823
Telephone:  (808) 600-4749
E-mail:     mateo@caballero.law

ACLU OF HAWAII FOUNDATION

JONGWOOK "WOOKIE" KIM      11020
P.O. Box 3410
Honolulu, Hawaiʻi 96801
Telephone:  (808) 522-5905
E-mail:     wkim@acluhawaii.org

Attorneys for Plaintiffs
TAMARA TAYLOR, individually, and
on behalf of her minor child, N.B.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TAMARA TAYLOR, individually and on behalf of her minor child, N.B., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF HONOLULU; HAWAII STATE DEPARTMENT OF EDUCATION; CHRISTINE NEVES, in an individual capacity; COREY PEREZ, in an individual capacity; WARREN FORD, in an individual capacity; TERRI RUNGE, in an individual capacity; HPD DEFENDANTS 1-10; and DOE-HI DEFENDANTS 1-10 <br><br> Defendants. | CIV. NO. 22-00013-HG-KJM <br><br> [CIVIL RIGHTS ACTION] <br><br> **MEMORANDUM IN OPPOSITION TO MOTION TO FILE DRAWING PUBLICLY PURSUANT TO LOCAL RULE 5.2(d)** <br><br> Trial Date: none set <br> Judge: Hon. Helen Gillmor |

## MEMORANDUM IN OPPOSITION TO MOTION TO FILE DRAWING PUBLICLY PURSUANT TO LOCAL RULE 5.2(d)

Plaintiffs TAMARA TAYLOR, individually and on behalf of her minor child, N.B., oppose the Motion to File Drawing Publicly Pursuant to Local Rule 5.2(d) [Dkt. 52] filed by Defendants City and County of Honolulu, Christine Neves, Corey Perez, and Warren Ford (the "*City Defendants*") on June 22, 2022 (the "*Motion*").[1] Both the authorship and publication of the drawing are in dispute and it is therefore premature to file the drawing publicly, particularly when other minors, who are not parties to this case, are involved.[2] This Court should wait to decide the Motion until after there is evidence before the Court about the authorship and publication of the drawing—as these facts are relevant to the compelling reasons analysis that this Court must perform to decide whether to allow the filing of this otherwise private record publicly.

Specifically, authorship and publication of the drawing are relevant to (1) whether the drawing constitutes "highly personal and intimate information" protected under Article I, Section 6 of the Hawaiʻi Constitution and (2) whether

---

[1] Plaintiffs are filing their opposition one day late under LR5.2, because counsel for Plaintiffs mistakenly believed that the Court would set a briefing schedule as the Court did on Plaintiffs' motion to redact prior characterizations of the drawing. *See* Dkt. 38. With apologies to the Court for the late filing, Plaintiffs submit that this short delay has not caused any prejudice to Defendants.

[2] Indeed, the version filed by the City Defendants does not redact N.B. or other minors' names.

N.B. should be publicly associated with an inflammatory drawing that she did not solely author and did not want to publish in the first place. Additionally, making the drawing public is against the spirit, if not also the letter, of Hawaiʻi laws protecting the privacy of minors involved in criminal investigations.

I.   **LEGAL STANDARD**

Generally, documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Nonetheless, access to judicial records is not absolute." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Two standards govern the filing of documents under seal:

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). More recently, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

When ruling on a motion to seal, the district court must balance the competing interests of the public and the party seeking to seal judicial records.

*Kamakana*, 447 F.3d at 1179. If the motion is more than tangentially related to the merits of the case, the district court must articulate a factual basis for each compelling reason to seal. *Id*. "What constitutes a compelling reason is best left to the sound discretion of the trial court." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (cleaned up).

## II. ARGUMENT

Three compelling reasons exist for filing the drawing under seal, two of which would benefit from a more developed record about the authorship and publication of the drawing in question.

First, Article I, Section 6 of the Hawaiʻi Constitution recognizes a right to privacy, which protects disclosure of records and information over which a person has a reasonable expectation of privacy. *See State v. Walton*, 133 Haw. 66, 95 (Haw. 2014) (recognizing protection even when information is shared with third parties);[3] *Mott v. City & Cty. of Honolulu*, 146 Haw. 210, 216, 458 P.3d 921, 927

---

[3] In their Motion, City Defendants state: "Curiously, in *Walton*, the Court found that when an individual 'reveal[s] his affairs to another . . . there is no reasonable expectation of privacy.'" Motion at 5. The Motion does not provide a citation for this quote, presumably from *Walton*. In any event, the quote in *Walton* appears to be from *State v. Klattenhoff*, 71 Haw. 598, 801 P.2d 548 (1990), which *Walton* explicitly abrogated. *See Walton*, 133 Haw. at 94 (quoting *Klattenhoff*). Indeed, Walton held the exact opposite of what the Motion claims Walton stands for, namely, under Hawaiʻi law, revealing information to a third party does not necessarily negate one's reasonable expectation of privacy in such information. *See Walton*, 133 Haw. at 96 (holding that defendant did not necessarily abandon his expectation of privacy in his name and other identifying information stored on a

(Haw. Ct. App. 2020) (preventing disclosure of arrestees' home addresses). This protection extends to "highly personal and intimate information," which can only be disclosed when a compelling government interest exists for doing so. *Org. of Police Officers v. City & Cnty. of Honolulu*, 149 Haw. 492, 511 (Haw. 2021). In this respect, Hawaiʻi Courts have looked at the tort of invasion of privacy and Restatement Second of Torts to determine the type of information that is protected under the constitution. *Id*.

    Here, the drawing is the type of record that is "highly personal and intimate" as it concerns a manifestation of N.B.'s disability during elementary school, SAC ¶¶ 3, 10, which is comparable to a personal diary that N.B. never intended to share widely or publicly. *See* Restatement (Second) of Torts § 652D cmt. b ("Sexual relations, for example, are normally entirely private matters, as are family quarrels, many unpleasant or disgraceful or humiliating illnesses, most intimate personal letters, most details of a man's life in his home, and some of his past history that he would rather forget."). Critically, the law also recognizes N.B. is not fully responsible for her actions at her age. Here, N.B., a minor, has a reasonable expectation of privacy about the drawing as a private manifestation of her

---

nutrition store promotional discount card by voluntarily providing the information to the store and that "even when information is disclosed to a third party, individuals may retain an expectation that such information will not be disclosed to others for purposes other than that for which the information had already been revealed.").

disability that involved personal matters that she never intended to share outside of the other authors of the drawing. SAC ¶ 38.

Second, making the drawing public would inevitably create a negative association in the public between its contents and N.B.,[4] even though she was not its sole author and it was delivered against her wishes. SAC ¶¶ 37-38. Such potentially irreversible harm alone constitutes a compelling reason for keeping the drawing sealed, at least until evidence concerning its authorship and publication are before the Court. Minor victims of police misconduct should not have to pick between protecting their reputation and privacy on one hand and holding the police accountable on the other.

Third and finally, Hawaiʻi law also provides various protections to criminal records involving minors. *See, e.g.*, HRS §§ 571-84, 571-84.6; 846-12; *see Forgerson v. Cheeseburger Restaurants, Inc.*, No. 10-00207 JMS-BMK, 2010 WL 3733019, at *2 (D. Haw. Aug. 31, 2010) (granting HPD's motion requesting that juvenile records be subject to a stipulated protective order). Such protections have also been held to be compelling reasons for sealing records concerning minors. *See D.C. by & through Garter v. Cnty. of San Diego*, No. 15-CV-1868-MMA (NLS), 2021 WL 4428880, at *2 (S.D. Cal. Sept. 24, 2021) ("[M]any of the documents

---

[4] While proceeding under her initials provides some level of protection to N.B., such protection is insufficient in light of the fact that she may be identified based on other characteristics, including through her mother.

contain sensitive information about Plaintiff, a minor, which further supports sealing these documents."). While it is true that N.B. was never charged with an offense in family court, and therefore the letter of these protections may not apply, the spirit of the protections should. It would defy logic if the drawing would be protected from public disclosure had N.B. been charged with criminal conduct, but not if there was no probable cause for her arrest or for bringing any charges.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this the Court deny City Defendants' Motion to File Drawing Publicly Pursuant to Local Rule 5.2(d).

DATED: Honolulu, Hawaii, June 30, 2022.

/s/ Mateo Caballero
MATEO CABALLERO
Attorney for Plaintiffs
TAMARA TAYLOR, individually
and on behalf of her minor child, N.B.