1                IN THE UNITED STATES DISTRICT COURT

2                   FOR THE DISTRICT OF HAWAII

3

4    TAMARA TAYLOR, individually  ) CIVIL NO. 22-00013HG-KJM
     and on behalf of her minor   )
     child, N.B.,                 ) Honolulu, Hawaii
5                                 ) July 7, 2022
                 Plaintiffs,      )
6                                 )
          vs.                     ) [52] DEFENDANTS CITY AND
7                                 )  COUNTY OF HONOLULU'S,
     CITY AND COUNTY OF           )  CHRISTINE NEVES'S, COREY
8    HONOLULU; HAWAII STATE       )  PEREZ'S, AND WARREN FORD'S
     DEPARTMENT OF EDUCATION;     )  MOTION FOR IN CAMERA REVIEW
9    CHRISTINE NEVES, in an       )  OF DRAWING AND MOTION TO
     individual capacity; COREY   )  FILE DRAWING PUBLICLY
10   PEREZ, in an individual      )  PURSUANT TO LOCAL RULE 5.2(d)
     capacity; WARREN FORD, in    )
11   an individual capacity;      )
     TERRI RUNGE, in an           )
12   individual capacity; HPD     )
     DEFENDANTS 1-10; and DOE-HI  )
13   DEFENDANTS 1-10,             )
                                  )
14               Defendants.      )
     _____)
15

16   TRANSCRIPT OF PROCEEDINGS CONDUCTED BY VIDEO TELECONFERENCE
                 BEFORE THE HONORABLE HELEN GILLMOR,
17                  UNITED STATES DISTRICT JUDGE

18   APPEARANCES:

19   For the Plaintiffs:        MATEO CABALLERO, ESQ.
                                Caballero Law LLLC
20                              P.O. Box 235052
                                Honolulu, Hawaii  96823
21

22                              JONGWOOK "WOOKIE" KIM, ESQ.
                                ACLU of Hawaii Foundation
23                              P.O. Box 3410
                                Honolulu, Hawaii  96801
24

25

```
 1    APPEARANCES (Cont'd.):

 2    For Defendants City      STEPHEN DEUTSCH ATWELL, ESQ.
      and County of Honolulu,  Department of Corporation Counsel
 3    Christine Neves, Corey   City & County of Honolulu
      Perez, and Warren  Ford: 530 S. King Street, Suite 110
 4                             Honolulu, Hawaii  96813

 5

 6    For Defendants Hawaii    CARON M. INAGAKI, ESQ.
      State Department of      DAVID SHIGEMI TAGA, ESQ.
 7    Education and Terri Runge Office of the Attorney
                               General-State of Hawaii
 8                             425 Queen Street, Suite 220
                               Honolulu, Hawaii  96813
 9

10

11

12

13

14

15

16

17

18

19

20    Official Court           Cynthia Fazio, RMR, CRR, CRC
      Reporter:                United States District Court
21                             300 Ala Moana Blvd., C-270
                               Honolulu, Hawaii  96850
22

23

24
      Proceedings recorded by machine shorthand, transcript produced
25    with computer-aided transcription (CAT).
```

1    THURSDAY, JULY 7, 2022                          9:05 A.M.

2            THE COURTROOM MANAGER:  Civil Number 22-00013HG-KJM,

3    Tamara Taylor, individually and on behalf of her minor child

4    N.B., versus City and County of Honolulu, et al.

5            This case has been called for hearing on Defendant

6    City and County of Honolulu's Motion for In-Camera Review of

7    Drawing, and Motion to File Drawing Publicly.

8            Counsel, your appearances please for the record,

9    starting with counsel for plaintiff.

10           MR. CABALLERO:  Mateo Caballero and Jongwook Kim for

11   plaintiffs.  Good morning.

12           THE COURT:  Good morning.

13           I think people are muted.  In order to enter your

14   appearance you're going to have to unmute.

15           MR. ATWELL:  Thank you, Your Honor.  Good morning,

16   Your Honor.  My name is Steven Atwell and I represent the City

17   and County of Honolulu as well as defendants Neves, Perez and

18   Ford in the instant case.

19           THE COURT:  Good morning.

20           MS. INAGAKI:  Good morning, Your Honor.  Caron Inagaki

21   and David Taga, Deputy Attorneys General, on behalf of the DOE

22   defendants.

23           THE COURT:  Good morning.  Okay.  We have several

24   motions that have been filed and they involve the picture that

25   is at issue.  And before I set those motions I wanted to give

1   you an opportunity to address not just in your filings but to

2   address orally any other issue with respect to the picture.

3   And so what we're really dealing with today is the question of

4   the publication of the picture.

5          So, I believe, Mr. Atwell, you are advocating

6   publication of the picture, so I'll let you speak to that.

7          MR. ATWELL:  Thank you, Your Honor.  Fundamentally

8   courts favor openness.  And our jurisdiction dictates documents

9   should be filed publicly.  The burden of convincing this Court

10  otherwise is plaintiff's to bear and there must be a compelling

11  reason for doing so.

12         In the instant case because plaintiff fails to

13  establish a compelling reason, plaintiff's request to seal

14  should be denied and defendants' motion to file publicly

15  granted.

16         THE COURT:  Anything else, Mr. Atwell?

17         MR. ATWELL:  I do.  I think it's notable that federal

18  courts have noted that, quote, there is a customary and

19  constitutionally embedded presumption of openness in judicial

20  proceedings.  And in opposition plaintiff alleges that the

21  drawings should not be disclosed because authorship is in

22  dispute.  However nothing prevents the drawing from being filed

23  publicly while plaintiff continues to dispute the drawing's

24  authorship.  In fact there's no dispute as to the authenticity

25  of the drawing and the drawing is clearly relevant to the

 1   instant case.

 2           Furthermore, the second amended complaint indicates

 3   that the plaintiff was the primary author.  Paragraph 37

 4   indicates that other students merely colored in and provided

 5   suggestions on what to write.  And the opposition appears to

 6   concede that N.B. was the primary author by contending that the

 7   drawing should not be disclosed because it is, quote, a

 8   manifestation of N.B.'s disability.

 9           Furthermore, if authorship is disputed, plaintiff

10   fails to provide any case law demonstrating an expectation of

11   privacy under those circumstances.

12           Now, in opposition plaintiff cites to Article I,

13   Section 6 of the U.S. Consti -- sorry, of the Hawaii

14   Constitution for a right to privacy over records.  Plaintiff

15   cites *Walton* and this was the subject of -- of, I guess, back

16   and forth between the motion and the opposition with regard to

17   *Walton* and whether that it abrogated the *Klattenhoff* case from

18   the Hawaii Supreme Court.  *Walton* specifically says that

19   *Klattenhoff* is not implicated by the *Walton* decision because

20   that case had to do with information relating to one's private

21   affairs.

22           *Walton* continues there are a number of factors that a

23   court should consider when evaluating whether a document

24   implicates privacy concerns, and those include whether

25   individual considered information to be private, whether review

1    of intimate details of a person's life, whether disclosed to a

2    third party to obtain a necessary service, and whether no

3    realistic alternative but to disclose, and finally, fifth,

4    whether disclosing would jeopardize an individual's sense of

5    security.

6          None of those factors are applicable here and

7    therefore the document should be disclosed and should not be

8    deemed as private.

9          Even still, in the *Walton* the court noted that the

10   document at issue or the information at issue was not barred

11   from disclosure, it just needed to be produced at trial and

12   fundamentally that the police needed a warrant first to access

13   that information, client records from a GNC store.

14         Furthermore, by citing to the Constitution plaintiff

15   attempts to burden shift.  Placing the burden on showing a

16   compelling interest on the City defendants where the burden

17   properly lies with plaintiff.

18         Some of plaintiff's case law also supports the City's

19   position, which is that *Mott* had to do with disclosing home

20   addresses, which courts have found to be highly personal.  And

21   in Oregon, police officers list some information that might be

22   considered private, such as sexual relations, family quarrels,

23   unpleasant or disgraceful humiliating illnesses, personal

24   letters and details of a man's life and home, and locations and

25   addresses of witnesses or medical information.  None of these

1    issues are at issue in the instant case.

2         While the opposition compares the drawing letter to a

3    diary, the opposition goes on to contend that the drawing was a

4    collaboration and the drawing states in fact on the back,

5    quote, you deserve this, and it's directed at two other

6    students.  So clearly the drawing is not merely a private

7    reflection as the opposition would have this Court believe.

8         Furthermore, as this Court noted in its prior ruling

9    in May, the opposition's -- the ruling there noted that whether

10   a constitutional right to privacy is implicated must be

11   considered whether the result would be tort liability for

12   invasion of privacy as set forth in the Restatement.  There are

13   a number of factors for such a consideration, such an analysis.

14   First of which being unreasonable intrusion upon seclusion.

15   And in this case plaintiff admits that the note was shared with

16   others.

17        Two, appropriation of another's name or likeness.

18   However the note is not being used for one's own -- someone

19   else's own benefit.

20        And then third and fourth, an unreasonable publicity

21   to a person's private life, false light.  It was not

22   unreasonable publicity here because disclosure arises pursuant

23   to the lawsuit filed by plaintiff.  And it's not false light

24   because the plaintiff does not dispute that she authored the

25   drawing.

1          Furthermore, making a drawing public, plaintiff claims

2     that it would create a negative association between the public

3     and N.B., though she was not the sole author and that it was

4     delivered against her wishes.  However, to the extent there is

5     a negative association created, such a cause for concern

6     regarding the substance of the document illuminates the

7     objective reasonableness of the officer's probable cause for

8     arrest.

9          And furthermore, by bringing this lawsuit based on the

10    drawing at issue with this motion, the drawing is clearly

11    relevant.

12         And then finally, plaintiff's citations to Hawaii

13    case -- rather Hawaii criminal law records, it's inapposite and

14    this Court already made a similar determination in its May

15    ruling.

16         For those reasons, plaintiff fails to demonstrate a

17    compelling reason that outweighs the general history of access

18    and public policy favoring disclosure and the drawing at issue

19    should be filed publicly.  Thank you, Your Honor.

20         THE COURT:  Thank you.  Before I hear from

21    Mr. Caballero, I just want to know, Ms. Inagaki, is there

22    anything you would like to say?

23         MS. INAGAKI:  No, Your Honor, just that we do not

24    oppose the motions.

25         THE COURT:  Okay.  Thank you.

1          Okay.  Mr. Caballero.

2          MR. CABALLERO:  Thank you, Your Honor.  N.B. is a

3   12-year old girl with ADHD and she's asking the Court that a

4   drawing that she made with three other classmates when she was

5   only ten years old and that she did not want delivered be filed

6   under seal, at least until evidence surrounding the authorship,

7   publication and the following police and school investigations

8   are properly before the Court.

9          Resolution of the drawing's authorship and publication

10  are relevant to whether the compelling reasons exist for filing

11  the drawing under seal.

12         Additionally, waiting to file the drawing publicly

13  makes particular sense at the Motion to Dismiss stage where all

14  allegations in the complaint must be taken as true.  And thus,

15  the City's characterization and interpretation of the drawing

16  are not due any deference by this Court in light of the

17  plausible allegations in the second amended complaint.

18         And I should say, for example, they allege that what

19  is in the back of the drawing saying "you deserve this," that

20  somehow my client wrote that, but we actually dispute that.  My

21  client doesn't know who wrote that and it seems to be directed

22  at my client, that you deserve this.

23         And to be clear, the second amended complaint claims

24  that N.B. was not arrested because of the drawing was a

25  terroristic threat.  Instead, we plausibly allege that she was

1  arrested for being a black ten-year old who made a nervous
2  comment about wondering what jail was like.  And that's the
3  real reason she was arrested.
4       Plaintiffs do not need to show that there would be a
5  violation of Hawaii law or to the Constitution to argue that
6  the policy behind those provisions provides a compelling reason
7  for this Court to maintain sensitive information concerning a
8  ten-year-old girl confidential.
9       That being said, plaintiffs offer three compelling
10  reasons here.  First, under Article I, Section 6 of the Hawaii
11  Constitution which recognizes a right to privacy where there is
12  reasonable expectation of privacy and where the information is
13  highly personal and intimate.
14       And here, whether N.B. wanted the drawing published is
15  relevant to both her expectation of privacy and whether the
16  drawing contains highly personal and intimate information as a
17  manifestation of her disability during elementary school.
18       Second, filing the drawing publicly without all the
19  facts surrounding it being before the Court would irreparably
20  harm N.B. who shouldn't be put in a position of choosing
21  between her own privacy and reputation as a minor and holding
22  the police accountable for violating her civil rights and
23  liberty.
24       Third, the Hawaii laws that we cite for privacy of
25  minors during family proceedings provide very broad protections

1    to police records and evidence against minors involving -- in

2    the juvenile legal system.  And Section 571-84.6 shows that

3    exceptions to this rule are very narrow.

4         The City argument here is that because N.B. was not

5    charged through Family Court, the protections in those sections

6    don't apply.  But that is not the wording of those sections

7    which says that records of any police department and any

8    juvenile division or section thereof relating to any

9    proceedings authorized under Section 571-11 shall be

10   confidential.  And this -- this section doesn't make it

11   contingent on whether charges were in fact filed.

12        Moreover, the City implies that the minor -- a minor

13   who is charged and convicted has greater protection than a

14   minor who is merely arrested, even without probable cause.

15   That result defies logic.

16        Finally, as stated earlier, the test is whether there

17   is a compelling reason, not whether there would be a literal

18   violation of the law and the policies behind those Hawaii laws

19   provide such compelling reasons.

20        Finally, given the procedure and posture of this case,

21   again, there is little need to file the drawing publicly and

22   the Court should wait until -- to -- to make a decision until

23   additional evidence about the drawing and the following

24   investigation is before the Court.

25        And by the way, I should say that, you know,

1    Mr. Atwell says that there is no dispute about the authenticity

2    of the drawing.  As I said, some parts of the drawing were made

3    after they left my client's custody.  And Mr. Atwell attests to

4    the authenticity of the unredacted drawing attached to this

5    motion as Exhibit A, but presumably he has no personal

6    knowledge of the drawing.  Thank you.

7            THE COURT:  Anything in rebuttal, Mr. Atwell?

8            MR. ATWELL:  I think the only thing I would say in

9    rebuttal is that throughout the proceedings today, none of the

10   filings at any point has plaintiff raised questions as to

11   relevance, that this is the first that the City is hearing of

12   that.  And so therefore I think based on the filings and the

13   record before the Court, at least prior to today's hearing,

14   authenticity has not been disputed.

15           And the case law plaintiff cites to -- rather, not

16   the -- statutes plaintiff cites to, again, are clearly

17   inapposite.  They have to do with criminal records, they have

18   to do with court records of juveniles and not a drawing that a

19   student worked on and then handed off to another student, then

20   only after the fact that she had some misgivings about whether

21   the drawing should be further transmitted to the intended

22   recipients of the drawing.

23           So for those reasons, the criminal provisions that

24   plaintiff cites are inapplicable.

25           THE COURT:  Thank you.  Well, as we talk about this

1    today, and when we were reviewing this earlier, a number of

2    questions are raised about the authorship in the sense that the

3    position of the plaintiff is that the -- their client is not

4    solely responsible for the picture and that there were other

5    people involved, one.  Two, now there is this issue of whether

6    something was added after it left her hands.  Three, there is

7    the issue of her attempt not to distribute it, at least that's

8    how it's characterized, that she did not want it distributed

9    and that was the agency of someone else.  So, all of these

10   questions -- we should be treating -- object that has

11   disputed --

12            THE COURT REPORTER:  Excuse me, Judge.  This is the

13   court reporter.

14            THE COURT:  Yes.  What is it?

15            THE COURT REPORTER:  You froze during the recitation

16   of --

17            THE COURT:  Oh.  Oh.  About what --

18            THE COURT REPORTER:  Let's see.  "At least that's how

19   it's characterized, what that she did not want it distributed

20   and that was the agency of someone else.  So, all of these

21   questions," and then it started freezing.

22            THE COURT:  Well, unfortunately I don't have it

23   written down in front of me.  I may repeat myself, and forgive

24   me if I do repeat myself.

25            But what I am raising is the fact that not only is the

1    authorship disputed, the custody and the content when it left

2    her hands is disputed.  And there is the dispute with respect

3    to the content and what it says on the back, who did that, et

4    cetera.

5         You know, I don't think that we are at a place,

6    without discovery, where we can actually put this forward as

7    anything other as something that is disputed in all these ways.

8    And so what's clearly needed here is discovery.  And so in

9    order for me to rule on this motion, we must move forward with

10   discovery, particularly with respect to this issue.

11        So, Mr. Caballero, where are you in terms of your

12   discovery in general and with respect to the issues that we're

13   talking about today?

14        MR. CABALLERO:  Sure, Your Honor.  We are in the

15   process of drafting discovery.  I -- you know, we should get it

16   out, I believe, either this week or next week.  And -- and we

17   are prepared to just move forward.  There was -- we had our

18   scheduling conference just last month and there is now a

19   scheduling order in the case with discovery deadlines.  And

20   we're just moving forward.

21        THE COURT:  So you believe that within two weeks you

22   will have the discovery in the defendants' hands?

23        MR. CABALLERO:  I believe so, Your Honor.

24        THE COURT:  Okay.  And in terms of responding to that

25   discovery, I believe, Ms. Inagaki, that would be -- you would

1   be the one who would be responding to that?

2          MS. INAGAKI:  Yes, Your Honor.

3          THE COURT:  And what's your position in terms of how

4   fast you can turn this around?

5          MS. INAGAKI:  It will depend on what discovery we

6   receive.  I wouldn't be able to say until I see what they're

7   actually asking for.

8          THE COURT:  Well, I think that given what we've been

9   talking about today, you're going to have a pretty good idea.

10  But this is something that is relevant to an important issue in

11  this case.  So, I am looking for a resolution of the questions

12  that are surrounding this picture.  And so at this point in

13  time I think maybe it's best that we set a hearing date to

14  continue discussing this.

15         So what's your estimate, Ms. Inagaki, in terms of if

16  you receive this in two weeks?  What time would you need in

17  order for us to have a hearing after that so that the Court is

18  able to deal with these issues?

19         MS. INAGAKI:  Well, ordinarily we do have 30 days in

20  which to respond, and until I see the actual request, I would

21  ask for that standard amount of time.

22         THE COURT:  Okay.  So two weeks puts us at the 21st of

23  July.  And what if we continue this, giving you ample time and

24  the 30 days, and then if Mr. Caballero is dissatisfied in any

25  way, he would have time to respond and you folks to work out

1    anything that isn't.  I'm suggesting we have a hearing on the
2    9th of September and the Court at that point would have
3    whatever supporting information the plaintiff and the
4    defendants want to put before the Court in order to clarify the
5    issues that swirl around this picture.  Because it is something
6    that I think is important to the case and these factual issues
7    that you are disputing need to be at least clear.  Whether or
8    not we are able to settle it is another matter, but at least
9    we'll get the discovery done with respect to that.
10             So, I'm saying 10:30 on September 9, how does that
11    work for everybody?  Anybody have a problem with September 9th
12    in order to revisit this with -- before the Court, the
13    positions of the party following discovery?
14             MR. ATWELL:  I'm just checking my calendar, Your
15    Honor.
16             MR. CABALLERO:  It works for plaintiffs, Your Honor.
17             MS. INAGAKI:  That's fine with us, Your Honor.
18             THE COURT:  Okay.
19             MR. ATWELL:  That works for the City as well.
20             THE COURT:  Okay.  So, we will do that at that point.
21    Now, let me just ask, you know, Mr. Atwell, how -- how closely
22    do you believe this issue is associated with your own motions?
23    Shall we do your motions at the same time?
24             MR. ATWELL:  I think that makes sense.  You know, at
25    least I'd like to have the Court be able to consider the

1    drawing in conjunction with the Motions to Dismiss.  You know,

2    I guess I'm a little unclear on how that would be conducted if

3    the drawing is --

4              THE COURT:  Well, do you think we need to wait?

5    Perhaps we need to wait until after that in order to have the

6    opposition.  Maybe that's what we should do.  Because if it

7    isn't clarified.

8              Okay.  How about we do this:  We set the opposition to

9    the motion for two weeks after the 9th, on the 23rd, and then

10   the reply would be on the 7th of October.  And then following

11   that I will find a hearing place following the reply.  Because

12   that way the opposition by -- we'll have the hearing on the 9th

13   and if there's any adjustment that needs to be made.  So the

14   opposition is on September 23rd and then the reply is the 7th

15   of October.  And if -- and on the 9th, if we need to adjust

16   those we can do it at that point.  Possibly even on that date

17   set a hearing date for the motions.

18             MR. ATWELL:  City defendants are agreeable to that.

19   The city defendants are agreeable to that.

20             THE COURT:  Okay.  Very well.  Anybody else?

21   Mr. Caballero?

22             MR. CABALLERO:  That also works, Your Honor.  The only

23   wrinkle is, you know, hopefully we'll be able to complete

24   discovery by -- at least on this two issues, authorship and

25   publication, but by September if that changes we might need to

1    postpone some of those dates but.

2            THE COURT:  Okay.  Well, if there is a problem it's

3    just a matter of filing something so that we can consider it.

4            MR. CABALLERO:  Okay.

5            THE COURT:  And what I would ask before the 9th, at

6    least a week before, parties file their positions with respect

7    to the discovery and how it impacts the publication.  Because,

8    you know, I will want to have your positions when we have the

9    hearing on the 9th.

10           Okay.  Is there anything else to come before the

11   Court?

12           MR. ATWELL:  No, Your Honor.

13           THE COURT:  Okay.  Thank you all.  We are in recess.

14           (The proceedings concluded at 9:29 a.m.,

15   July 7, 2022.)

16

17

18

19

20

21

22

23

24

25

```
 1                    COURT REPORTER'S CERTIFICATE

 2

 3          I, CYNTHIA FAZIO, Official Court Reporter, United

 4    States District Court, District of Hawaii, do hereby certify

 5    that pursuant to 28 U.S.C. §753 the foregoing pages is a

 6    complete, true, and correct transcript of the stenographically

 7    reported proceedings held in the above-entitled matter and that

 8    the transcript page format is in conformance with the

 9    regulations of the Judicial Conference of the United States.

10          DATED at Honolulu, Hawaii, August 12, 2022.

11

12

13                         /s/ Cynthia Fazio
                           CYNTHIA FAZIO, RMR, CRR, CRC
14

15

16

17

18

19

20

21

22

23

24

25
```