CABALLERO LAW LLLC

MATEO CABALLERO                    10081
P.O. Box 235052
Honolulu, Hawai'i 96823
Telephone:  (808) 600-4749
E-mail:        mateo@caballero.law

ACLU OF HAWAII FOUNDATION

JONGWOOK "WOOKIE" KIM          11020
P.O. Box 3410
Honolulu, Hawai'i 96801
Telephone:  (808) 522-5905
E-mail:        wkim@acluhawaii.org

Attorneys for Plaintiffs
TAMARA TAYLOR, individually, and
on behalf of her minor child, N.B.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TAMARA TAYLOR, individually and on behalf of her minor child, N.B.,<br><br>    Plaintiffs,<br><br>       vs.<br><br>CITY AND COUNTY OF HONOLULU; HAWAII STATE DEPARTMENT OF EDUCATION; CHRISTINE NEVES, in an individual capacity; COREY PEREZ, in an individual capacity; WARREN FORD, in an individual capacity; TERRI RUNGE, in an individual capacity; HPD DEFENDANTS 1-10; and DOE-HI DEFENDANTS 1-10<br><br>       Defendants. | CIV. NO. 22-00013-HG-KJM<br><br>[CIVIL RIGHTS ACTION]<br><br>**PLAINTIFFS' RESPONSE TO CITY DEFENDANTS' OBJECTIONS TO MAGISRATE'S [SIC] ORDER ON LOCAL RULE 37.1 DISCOVERY DISPUTE (ECF NOS.  108, 118)**<br><br><br><br>NON-HEARING MOTION<br>Judge:      Hon. Helen Gillmor<br>Trial Date:   September 6, 2022<br>Related to:   ECF No. 121 |

**PLAINTIFFS' RESPONSE TO CITY DEFENDANTS'
OBJECTIONS TO MAGISRATE'S [SIC] COURT ORDER ON
<u>LOCAL RULE 37.1 DISCOVERY DISPUTE [ECF NOS. 108, 118]</u>**

Plaintiffs TAMARA TAYLOR, individually and on behalf of her minor

child, N.B., respond to the City Defendants' Objections to Magisrate's [SIC] Order

On Local Rule 37.1 Discovery Dispute (the "***Objections***," ECF No. 121).

City Defendants are attempting to revive their earlier request for a complete

stay of discovery, this time by asking that this Court block any depositions from

occurring. But they already made—and lost—their case for a discovery stay. And

they did not preserve a challenge to that ruling by filing objections within 14 days

of it. So they now rely on a *different* order—entered on September 27, 2022, and

which instructed the parties to take depositions to further develop the factual

record—as the basis to relitigate their demand for a halt on discovery.

But the Objections—which were filed on October 31, 2022—are 20 days

late, even after accounting for any tolling from their (failed) reconsideration

motion. The Objections also fail on the merits, not least because they do not

grapple with the deferential "clearly erroneous" and "contrary to law" Rule 72(a)

standard. In any event, the Magistrate Judge acted wholly within his discretion

when he ordered the parties to take depositions—especially considering this Court

has stated, multiple times, that it "does not have a sufficient record in front of it" to

decide the qualified-immunity issues. This Court should overrule the Objections.

## I.   FACTUAL BACKGROUND

After City Defendants stated at a May 23, 2022 hearing that they would be filing motions to dismiss asserting qualified immunity, the Court entered an order "find[ing] that qualified immunity at this stage in the proceedings is premature" because "the Court does not have a sufficient record in front of it to determine whether an individual defendant's actions violated a clearly established constitutional right." ECF No. 43. To develop the factual record on the qualified-immunity issue, the Court ordered the parties to "schedule a status conference with Magistrate Judge Mansfield to proceed with discovery." ECF No. 43.

On June 3, 2022, the Magistrate Judge held a status conference, after which he issued a Rule 16 scheduling order. ECF Nos. 46 & 47.

On July 7, 2022, the Court held a hearing on City Defendants' motion to file publicly the drawing at issue in this case. ECF No. 58. The Court again stated that "further discovery is needed to clarify the issues surrounding the drawing including authorship and custody and control." ECF No. 58. The Court continued the hearing "to allow for the completion of discovery as to these issues." ECF No. 58.

On August 18, 2022, after the parties had requested expedited discovery assistance from the Magistrate Judge under LR37.1(c) regarding a stay of discovery pending rulings on City Defendants' motions to dismiss, Plaintiffs and City Defendants filed letter briefs. ECF Nos. 80, 81.

On August 23, 2022, the Magistrate Judge entered an order denying City Defendants' request for a discovery stay (the ***"Discovery Stay Order"***, ECF No. 86). The Magistrate Judge observed that City Defendants' arguments "disregard the district court's May 23, 2022 Order directing the parties to proceed with discovery." ECF No. 86 at 1. The order explained that, contrary to City Defendants' arguments, "[t]he district court did not restrict discovery" to any particular issues or parties, but only said that the focus should be on "the authorship, custody, and control" issues. ECF No. 86 at 3. The order also reminded City Defendants that "the district court has already exercised its discretion and ordered the parties to proceed with discovery." ECF No. 86 at 3-4.

On September 21, 2022, Plaintiffs and City Defendants filed a second set of LR37.1 letter briefs on a separate dispute concerning the original copy of the drawing. ECF Nos. 102, 103.

On September 27, 2022, the Magistrate Judge entered an order on the discovery dispute declining to "compel production of the original drawing at this time[,]" but "instruct[ing] the parties to complete forthwith any and all necessary depositions regarding the authorship, transfer, custody, and any prior publication of the drawing." (the ***"Deposition Order"***, ECF No. 108 at 2-3).

On October 11, 2022, the City Defendants filed a "Motion for Partial Reconsideration by Magistrate Judge of his Order on Local Rule 37.1 Discovery

3

Dispute (ECF No. 108)." ECF No. 117. The City Defendants challenged the Magistrate Judge's order to complete depositions, arguing that the Magistrate Judge had shown "manifest errors of law and fact" in instructing the parties to take depositions and that he was not permitted to "roam freely in a case" by "issuing orders outside the specific dispute as to which the parties" sought discovery assistance. ECF No. 117 at 1-2.

On October 17, 2022, the Magistrate Judge denied City Defendants' motion for reconsideration. ECF No. 118. The order emphasized that "the district court has previously directed the parties to conduct discovery." ECF No. 118 at 2.

On October 21, 2022, counsel for Plaintiffs asked counsel for City Defendants about availability for depositions in January 2023. *See* **Exhibit A**.[1]

On October 31, 2022, City Defendants filed the Objections, which in effect seek either a stay of depositions or a stay of discovery entirely. ECF No. 121.

## II.   LEGAL STANDARD

Rule 74.1 of the Local Rules for the United States District Court for the District of Hawaii ("LR") allows a party to "object to a magistrate judge's non-dispositive order . . . within fourteen (14) days after being served." LR74.1; *see*

---

[1] Thus, City Defendants misstate the record when they claim "Plaintiff had never asked the City Defendants, through counsel, to take any depositions." ECF No. 121-1 at 2. In fact, Plaintiffs would like to proceed with depositions, but City Defendants continue to resist even scheduling them, despite the Court's orders.

*also* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

If a party makes "timely objections," the district court judge reviews the magistrate judge's non-dispositive order under a "clearly erroneous" or "contrary to law" standard. Fed. R. Civ. P. 72(a). Such pretrial orders "are not subject to *de novo* determination"; "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citations omitted).

"The threshold of the 'clearly erroneous' test is high." *Dowkin v. Honolulu Police Dep't*, No. CIV. 10-00087 SOM, 2011 WL 3021784, at *1 (D. Haw. July 22, 2011) (citations omitted). "To find a magistrate judge's decision 'clearly erroneous,' the district court must have a 'definite and firm conviction that a mistake has been committed.'" *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008) (quoting *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992)). And a magistrate judge's order is "contrary to law" if it "applies the incorrect legal stand[ard] or misapplies applicable law." *Agena v. Cleaver-Brooks, Inc.*, 428 F. Supp. 3d 267, 272 (D. Haw. 2019).

## III.   ARGUMENT

This Court should overrule City Defendants' Objections on two grounds: they are untimely (**III.A**), and they do not meet the "clearly erroneous" or

"contrary to law" standard of review (**III.B**). Also, the Ninth Circuit's decision in *Peck v. Montoya*, 51 F.4th 877 (9th Cir. 2022), further demonstrates the need for this Court to develop the factual record, and also suggests that City Defendants will not even be able to take an interlocutory appeal of any qualified immunity denial (**III.C**).

A.    **The City Defendants' Objections Are Untimely**

This Court should deny City Defendants' objections because they are untimely. The Federal Rules authorize the Court's review only of "timely objections" to a magistrate judge's non-dispositive order. Fed. R. Civ. P. 72(a). When a party does "not timely object to [a] Magistrate [Judge]'s rulings, this court is precluded from reviewing" those objections. *Alexander v. City & Cnty. of Honolulu Police Dep't*, No. CIV. 06-00595 JMS/KS, 2007 WL 2915623, at *4 (D. Haw. Sept. 28, 2007); *see also Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("We . . . conclude that a party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.").

Here, City Defendants' objections are untimely in two ways.

*First*, the Objections are in fact an indirect and untimely attempt to challenge the Magistrate Judge's earlier Discovery Stay Order. The Objections purport to challenge the Magistrate Judge's September 27, 2022 Deposition Order, which

6

included the challenged deposition "instruction." *See* ECF No 121-1 at 1. But what the Objections actually seek is re-litigation of the Magistrate Judge's *August 23*, 2022 Discovery Stay Order, which denied their request for a stay of discovery. *See* ECF No. 121-1 at 8 (citing four unpublished district court cases for the proposition that a court must stay discovery pending resolution of motions to dismiss). But if City Defendants wanted to challenge the Discovery Stay Order, they were required to file objections to that order by September 6, 2022—*i.e.*, "within 14 days" after its entry. *See* Fed. R. Civ. P. 72(a); LR74.1(a). Instead, they filed the Objections on October 31, 2022—*55 days* after the rules allow.

*Second*, even assuming that the Objections are properly made in relation to the Deposition Order, they are still untimely. The Deposition Order was entered on September 27, 2022. Thus, City Defendants were required to file objections to that order by October 11, 2022. In filing the Objections on October 31, 2022, City Defendants are *20 days* late.

That City Defendants filed a motion for reconsideration of the Deposition Order does not change this conclusion. While LR74.1(d) states that "[a] reconsideration motion shall toll the time in which any objection must be taken from the magistrate judge's non-dispositive order," City Defendants filed such motion on the fourteenth day after the Deposition Order was entered, which means that City Defendants needed to file the Objections either on October 17, 2022 (the

day their reconsideration motion was denied) or, at absolute latest, October 18, 2022 (the next day). In other words, City Defendants' motion for reconsideration only *tolled*—and did not *add*—their time to object. Even under the most forgiving interpretation of the procedural history, City Defendants are *13 days* late.

### B.   On The Merits, The Court Should Overrule City Defendants' Objections

Even assuming the Court excuses City Defendants' untimeliness, the Objections fail on the merits. As an initial matter, City Defendants do not even grapple with the relevant "clearly erroneous" and "contrary to law" standard. Neither phrase is uttered in the Objections. *See generally* ECF No. 121-1.

While they argue that part of the Magistrate Judge's order is "erroneous," ECF No. 121-1 at 4-5 (arguing that "[t]he 'instruction' is premised on facts that are erroneous"), that is not enough to meet the "high" "threshold" of the "'clearly erroneous' test." *Dowkin*, 2011 WL 3021784, at *1; *see also, e.g.*, *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) ("For a decision to be considered 'clearly erroneous' it must be 'more than just maybe or probably wrong; it must be dead wrong.'" (citation omitted)).

Similarly, while City Defendants make one passing reference the "forcing of depositions at this stage of the case" as "contrary to case law," that argument still does not meet the "contrary to law" standard. Specifically, City Defendants have not in fact made any argument that the Magistrate Judge's order to conduct

depositions "applies the incorrect legal stand[ard] or misapplies applicable law." *Agena*, 428 F. Supp. 3d at 272.

If anything—as the Magistrate Judge already observed, *see* ECF No. 118 at 1-2—it is well-established that "[d]istrict courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (citation omitted); *see also Little v. City of Seattle*, 863 F.2d, 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion."). The Magistrate Judge acted within his discretion to shape the course of discovery. Thus, the Deposition Order was not "clearly erroneous" or "contrary to law."

This conclusion is further bolstered by the fact that this Court has already decided that further discovery—including depositions of the City Defendants—is necessary before it can rule on the qualified-immunity issue. Specifically, this Court has stated that, in the context of this specific case, deciding the qualified-immunity question is "premature" because the Court "does not have a sufficient record in front of it." ECF No. 43. And at the September 28, 2022 hearing, the Court clarified that the parties "should proceed with discovery"—including "full deposition[s]" without "any limits on it." ECF No. 121-2 at 31:17-23.

The record has not meaningfully changed since the Court made these statements. The actions taken by City Defendants and their knowledge at the time remain hotly disputed,[2] and these facts are relevant to resolving City Defendants' entitlement to qualified immunity on the claims asserted against them, including whether they had probable cause to arrest N.B. and whether they used excessive force by handcuffing N.B. *See also* ECF No. 104 at 6-7 (explaining why "a more developed record" is needed in this case). Depositions are needed.

While City Defendants argue that the Deposition Order is "a complete vitiation of the officers' right to qualified immunity," ECF No. 121-1 at 2, their argument ignores that no categorical rule of law exists requiring that a pending motion to dismiss raising qualified immunity automatically stays all discovery. City Defendants assert that "*Supreme Court and Ninth Circuit* cases hold that immunity comes first, and *discovery only after such immunity*." ECF No. 121-1 at 7 (emphases added). But—significantly—they actually cite *no* Supreme Court or

---

[2] Astonishingly, City Defendants accuse Plaintiffs of "peddling a false narrative." ECF No. 121-1 at 4. Then, relying on their answers to Plaintiffs' interrogatories, they present their *own* version of the facts as if it were truth. But this only proves that the Deposition Order is more necessary than ever: various material facts bearing on the qualified-immunity issue are still contested, and only depositions will help develop the record on the full scope of the officer defendants' knowledge and conduct on the day they arrested N.B.

Ninth Circuit case law for that broad proposition (instead, they cite four

unpublished district court decisions, *see* ECF No. 121-1 at 8).

If they had looked at actual Supreme Court and Ninth Circuit case law, they

would have found that their categorical rule is, in fact, not a rule at all. In truth,

discovery may often be necessary to resolve qualified-immunity questions. For

example, the Supreme Court has explicitly authorized discovery as to an official's

entitlement to qualified immunity. *See, e.g.*, *Crawford-El v. Britton*, 523 U.S. 574,

600 (1998) ("[T]he judge should give priority to discovery concerning issues that

bear upon the qualified immunity defense."); *Anderson v. Creighton*, 483 U.S. 635,

646 n.6 (1987) (stating that "discovery may be necessary before" qualified

immunity issues "can be resolved" so long as "such discovery [is] specifically to

the [qualified immunity] question"). The Ninth Circuit has similarly recognized the

principle that a court may find it premature to decide qualified immunity issues

until "an evidentiary record has been developed through discovery." *O'Brien v.*

*Welty*, 818 F.3d 920, 936 (9th Cir. 2016); *see also Cameron v. Craig*, 713 F.3d

1012, 1022 (9th Cir. 2013) ("The County Defendants are not entitled to qualified

immunity at this juncture as the record does not permit us to decide whether they

violated clearly established law.").

In sum, this Court was perfectly entitled to order the parties to take further discovery as to the qualified-immunity issues, and the Magistrate Judge's order furthering that objective was neither "clearly erroneous" nor "contrary to law."

C.   **The Ninth Circuit's Decision in *Peck v. Montoya* Suggests That City Defendants Will Not Even Be Able To Take An Interlocutory Appeal Of Any Qualified-Immunity Denial**

The Court ordered that "[t]he Responses [to the Objections] should address the jurisdictional issues regarding qualified immunity raised in *Peck v. Montoya*, No. 20-56413, No. 21-55411, 2022 WL 10225252 (9th Cir. October 18, 2022)." ECF No. 122. City Defendants argue they are prejudiced for having to proceed with discovery here, but they recognize that material facts are still in dispute. *See* ECF No. 121-1 at 7. Here, Plaintiffs have alleged sufficient facts and adduced sufficient evidence such that City Defendants may not even be able to bring an interlocutory appeal from a qualified-immunity denial. *See Peck v. Montoya*, 51 F.4th 877 (9th Cir. 2022) ("[W]e may not review any 'portion of a district court's summary judgment order that, though entered in a 'qualified immunity' case, determines only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial.'"); *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022) (same).

## IV.   CONCLUSION

For the foregoing reasons, the Court should overrule City Defendants'

Objections and affirm the Magistrate Judge's Deposition Order.

DATED: Honolulu, Hawaii, November 14, 2022.

/s/     Jongwook "Wookie" Kim
JONGWOOK "WOOKIE" KIM
MATEO CABALLERO

Attorneys for Plaintiffs
TAMARA TAYLOR, individually
and on behalf of her minor child, N.B.