IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TAMARA TAYLOR, Individually and on behalf of her minor child, N.B., <br><br>    Plaintiffs, <br><br>    vs. <br><br> CITY AND COUNTY OF HONOLULU; HAWAII STATE DEPARTMENT OF EDUCATION; TERRI RUNGE; CHRISTINE NEVES; COREY PEREZ; WARREN FORD; HPD DEFENDANTS 1–10; DOE-HI DEFENDANTS 1–10, <br><br>    Defendants. | Civil No. 22-00013 HG-KJM <br><br> ORDER ON LOCAL RULE 37.1 DISCOVERY DISPUTE |

ORDER ON LOCAL RULE 37.1 DISCOVERY DISPUTE

The parties are before the Court on yet another LR37.1 discovery dispute.[1] ECF No. 218. They seek expedited resolution of their dispute regarding the scope of the topics for examination designated in Plaintiffs' Amended Notice of Rule 30(b)(6) Deposition of Hawaii State Department of Education ("DOE") served on February 12, 2024 ("Deposition Notice"). The Court has carefully reviewed the

---

[1] "Discovery is supposed to proceed with minimal involvement of the Court. Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention only in extraordinary situations that implicate truly significant interests." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (citations and internal quotation marks omitted).

parties' joint letter brief, along with the applicable law, and the Court rules as set forth below.

I.   Scope of Discovery

Rule 26(b)(1) of the Federal Rules of Civil Procedure was amended on December 1, 2015. The amended rule defines the scope of permissible discovery as follows:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the party's access to relevant information, the party's resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Thus, to be discoverable, information must first be "relevant to any party's claim or defense." *Id.* A matter is relevant if it "reasonably could lead to other matter that could bear on[] any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). District courts have broad discretion to determine relevancy for the purpose of granting or denying discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

The December 1, 2015 amendment to Rule 26 also added proportionality as a prerequisite for obtaining discovery. That is, relevancy alone is insufficient to obtain discovery. When addressing proportionality, the Court considers "the

2

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The Advisory Committee Notes explain that "[r]estoring the proportionality calculation to Rule 26(b)(1) . . . does not place on the party seeking discovery the burden of addressing all proportionality considerations. Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Rather, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Id.* "[B]oth parties share the responsibility of explaining their positions regarding the proportionality factors." *Lopez v. United States*, Case No.: 15-CV-180-JAH(WVG), 2017 WL 1062581, at *5 (S.D. Cal. Mar. 21, 2017). Ultimately, "[t]he court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments).

II.  Disputed Rule 30(b)(6) Topics

A.  Topic 1

**Facts and circumstances surrounding the arrest and suspension of N.B. on January 10, 2020, specifically:**

**a. How was the drawing brought to the school's attention**
**b. The reasons for calling the Honolulu Police Department**
**c. The propriety of a school staff calling the police on behalf of a parent**
**d. Any consideration given by school staff to N.B.'s Section 504 plan**
**e. Police officers asking any questions to N.B.**
**f. Tamara Taylor's access to N.B.**
**g. How and where N.B.'s arrest was conducted**
**h. The school's decision to suspend N.B.**

The Court finds that all of Topic 1, including all subparts, are proper Rule 30(b)(6) deposition topics. DOE's objections—essentially that this discovery is duplicative of other fact discovery—are overruled. These topics are highly relevant to the parties' claims and defenses and proportional to the needs of this case. Plaintiffs are entitled to Rule 30(b)(6) testimony on each of these topics. DOE has not proposed any alternatives, including, for example, stipulating that prior deposition testimony serve as its binding Rule 30(b)(6) testimony. Rather, DOE seeks to altogether avoid the Rule 30(b)(6) deposition, which the rules do not permit. *See, e.g.*, *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012) (because individual testimony is distinct from the entity's testimony, courts reject the argument that a Rule 30(b)(6) deposition is

unnecessary or cumulative simply because individual deponents have already testified about the topics noticed in the Rule 30(b)(6) deposition notice).

    B.    Topic 2

**Any internal review by HI-DOE and its employees following N.B.'s arrest and suspension on January 10, 2020, specifically:**

    **c.**    **Any internal review or investigation of N.B. being asked questions by the police**
    **d.**    **Any internal review or investigation of N.B. being arrested without school staff being aware of the arrest**

DOE objects to subtopics 2(c) and 2(d) on the basis that the topics are argumentative and assume facts not in evidence. These are objections DOE can make at the deposition, but are not reasons to preclude these topics entirely. The topics are relevant, and the proposed discovery is proportionate to the need of the case. The Court overrules DOE's objections.

    C.    Topic 3

**Any data or information provided by HI-DOE to U.S. Office for Civil Rights as part of Civil Rights Data Collection surveys for school years 2013-14 through 2019-2020, specifically:**

    **a.**    **Data or information related to referrals to law enforcement and school related arrests**
    **b.**    **Data or information related to out-of-school suspensions**
    **d.**    **Any problems in collecting and providing such data and information to the U.S. Office for Civil Rights**

Plaintiffs acknowledge that "the data at issue is available through the U.S. Office for Civil Rights website" but insist on the need to question DOE about this

information because DOE "has a history of misreporting, revising, and publicly disavowing such data[.]" Plaintiffs do not articulate how such data is actually relevant to their claims. The Court agrees with DOE and sustains its objections that Topic 3 is irrelevant, overbroad, unduly burdensome, and disproportionate to the needs of this case.

    D.    Topic 4 and Topic 5

**Topic 4**

    **Any efforts by HI-DOE and/or Honowai Elementary School to comply with the requirements of Title II of the American with Disabilities Act and Section 504 of the Rehabilitation Act between 2015 and 2020, specifically:**

a.    **Efforts to address children with disabilities being disproportionally referred to law enforcement**
b.    **Efforts to address children with disabilities being disproportionally arrested in school**
c.    **The number and nature of complaints for disability discrimination for referrals to law enforcement or school-based arrests received during that period**

**Topic 5**

    **Any efforts by HI-DOE and/or Honowai Elementary School to comply with requirements of Title VI of the Civil Rights Act of 1964 between 2015 and 2020, specifically:**

a.    **Efforts to address Black children being disproportionally referred to law enforcement**
b.    **Efforts to address any disparities in Black children being disproportionally arrested in school**
c.    **The number and nature of complaints for racial discrimination for referrals to law enforcement or school-based arrests received during that period by year**

The Court sustains DOE's objections to the disputed topics 4(a), 4(b), 4(c), 5(a), 5(b), and 5(c).  The Court finds that these topics are not relevant to the claims and defenses in this suit, and that any minimal relevancy is outweighed by proportionality considerations.  Plaintiffs' arguments focus on discriminatory animus "against Black and disabled children" generally, as opposed the facts and circumstances of *this* case.  Plaintiffs have not brought claims on behalf of Black and disabled children.  Rather, they have brought claims on Taylor and N.B.'s behalf only.  Under the circumstances, the proposed discovery is irrelevant and disproportionate to the needs of this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 17, 2024.

Kenneth J. Mansfield
United States Magistrate Judge

*Taylor, et al. v. City & Cnty. of Honolulu, et al.*, Civil No. 22-00013 HG-KJM; Order on Local Rule 37.1 Discovery Dispute