IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TAMARA TAYLOR, Individually and on behalf of her minor child, N.B.; N.B.,<br><br>         Plaintiffs,<br><br>    vs.<br><br>CITY AND COUNTY OF HONOLULU; HAWAII STATE DEPARTMENT OF EDUCATION; TERRI RUNGE; CHRISTINE NEVES; COREY PEREZ; WARREN FORD; HPD DEFENDANTS 1-10; DOE-HI DEFENDANTS 1-10,<br><br>         Defendants. | CIV. NO. 22-00013 HG-KJM |

**ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S APRIL 17, 2024 DISCOVERY ORDER (ECF NO. 230)**

On April 17, 2024, the Magistrate Judge issued ORDER ON LOCAL RULE 37.1 DISCOVERY DISPUTE (ECF No. 228). The Order addressed the scope of deposition testimony for the 30(b)(6) witness designated by the Defendant Hawaii State Department of Education.  (Id.)

On April 24, 2024, Plaintiffs filed an OBJECTION and an ERRATA to the Magistrate Judge's Order.  (ECF Nos. 230, 231).

On May 8, 2024, Defendant Hawaii State Department of Education filed its Response.  (ECF No. 237).

**STANDARD OF REVIEW**

An appeal from a magistrate judge's ruling on a non-

1

dispositive matter may be brought pursuant to District of Hawaii Local Rule 74.1.

A party may object to a magistrate judge's non-dispositive order within fourteen (14) days after being served.  Local Rule 74.1(a).

A magistrate judge's order on a non-dispositive matter, or any portion of the order, may be reversed or modified by the district court only if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed.  Concrete Pipe & Prods. v. Constr. Laborers Pension Tr., 508 U.S. 602, 623 (1993).

## **ANALYSIS**

Plaintiffs filed an Objection to the Magistrate Judge's Order regarding the scope of the topics for examination designated in Plaintiffs' Amended Notice of Rule 30(b)(6) Deposition of Defendant Hawaii State Department of Education served on February 12, 2024.  (ECF No. 230).

Plaintiffs' Objection concerns the Magistrate Judge's April 17, 2024 Order concerning Topics 3, 4, and 5 of their 30(b)(6) Deposition Notice.

### A.   Plaintiffs' Objection To Topic 3

A Rule 30(b)(6) notice may only ask about topics that are proportional to the needs of the case and the notice must describe the topics for examination with a reasonable degree of particularity. Adamson v. Pierce Cnty., 2023 WL 7280742, *3 (W.D. Wash. Nov. 3, 2023). In reviewing a challenge to a 30(b)(6) notice, courts consider the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Id. (citing Fed. R. Civ. P. 26(b)(1)).

In Topic 3 of their Notice, Plaintiffs seek to question the Defendant Hawaii State Department of Education's 30(b)(6) witness about "any data or information provided by HI-DOE to U.S. Office for Civil Rights as part of Civil Rights Data Collection surveys for school years 2013-2014 through 2019-2020." (Magistrate Judge's April 17, 2024 Order at p. 5, ECF No. 228).

The Magistrate Judge ruled that Topic 3 need not be addressed by the 30(b)(6) witness because Topic 3 was "irrelevant, overbroad, unduly burdensome, and disproportionate to the needs of this case." (Id. at p. 6).

A review of the scope of Plaintiffs' claims in this lawsuit demonstrates that Topic 3 is largely irrelevant and disproportionate to the needs of the case. Plaintiffs' claims

3

against the Defendant Hawaii Department of Education are as follows:

> (1) Racial Discrimination against Plaintiffs pursuant to Title VI of the Civil Rights Act of 1964 (Count 4);
>
> (2) Disability Discrimination in violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act (Count 5); and
>
> (3) Negligence and NIED (Count 6).

(Third Amended Complaint, ECF No. 148).

The Magistrate Judge explained there is no reason to ask the Defendant Hawaii State Department of Education's 30(b)(6) witness about data provided to the U.S. Office for Civil Rights because that information is readily available to Plaintiffs from publicly available sources. (Magistrate Judge's April 17, 2024 Order at pp. 5-6, ECF No. 228). Plaintiffs acknowledged that the data was available to them. (Id.) The Defendant Hawaii State Department of Education affirmed that it "already provided to Plaintiffs the entire data set referenced [in Topic 3] and agreed to name a deponent who could speak to the process for collecting and providing such data." (Response at p. 5, ECF No. 237).

Plaintiffs have not demonstrated that the Magistrate Judge's ruling is clearly erroneous. The Court agrees with the Magistrate Judge's well-reasoned order. Plaintiffs have not provided any basis why questioning the 30(b)(6) deponent is either necessary or relevant when it already has the information and the State has agreed to provide a deponent who could speak on the matter. See Adamov v. Pricewaterhouse Coopers LLP, 2017 WL

4

6558133, *5 (E.D. Cal. Dec. 22, 2017) (finding a discovery request unduly burdensome when the information was available from other sources); In re Facebook, Inc. Consumer Privacy User Profile Lit., 2021 WL 10282213, *14 (N.D. Cal. Nov. 14, 2021) (denying plaintiffs' request for discovery from specifically designated personnel when the material is available from other sources).

Plaintiffs instead rely on the claims they have asserted against the Defendant City and County of Honolulu as a basis to question the Defendant State's 30(b)(6) witness about the overly broad and largely irrelevant topic. Plaintiffs' reliance on their claims against the Defendant City and County of Honolulu for their request against the Department of Education is misplaced. Rule 30(b)(6) notices may not be used to burden a responding party with the production and preparation of a witness on every facet of the litigation. Wieland v. Bd. of Regents of Nev. Sys. of Higher Ed., 2021 WL 4443683, *2 (D. Nev. Sept. 28, 2021). It is simply impractical to expect a Rule 30(b)(6) witness to know the intimate details of everything in which his entity is involved. Id. at *3.

It is clear that Topic 3 is overly broad and burdensome as to the Defendant Hawaii State Department of Education's 30(b)(6) deponent.

Plaintiffs' Objection to the Magistrate Judge's ruling as to Topic 3 is **OVERRULED.**

5

B.   **Plaintiffs' Objection To Topics 4 and 5**

Plaintiffs seek to question the Defendant Hawaii State Department of Education's 30(b)(6) witness in Topics 4 and 5, as follows:

> **Topic 4:** Any efforts by HI-DOE and/or Honowai Elementary School to comply with the requirements of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act between 2015 and 2020;
>
> **Topic 5:** Any efforts by HI-DOE and/or Honowai Elementary School to comply with requirements of Title VI of the Civil Rights Act of 1964 between 2015 and 2020.

(Magistrate Judge's April 17, 2024 Order at p. 6, ECF No. 228).

The Magistrate Judge ruled that Topics 4 and 5 were not tailored to the present case. Topics 4 and 5 were found to be largely irrelevant and disproportionate to the needs of this case. (Id. at p. 7). The Magistrate Judge explained that Topics 4 and 5 sought information outside the scope of the case and unrelated to the narrow claims Plaintiffs brought against the Defendant Hawaii State Department of Education. (Id.)

The Court agrees with the Magistrate Judge's ruling. Plaintiffs have not demonstrated that the Magistrate Judge's ruling is clearly erroneous.

Plaintiffs' claims against the Defendant Hawaii State Department of Education are limited. Plaintiffs cannot seek to question the Defendant Hawaii State Department of Education's 30(b)(6) witness about matters that are unrelated to their

6

particular claims and alleged injuries.  This is not a class action lawsuit.  Plaintiffs do not have free reign to interrogate a 30(b)(6) witness about irrelevant and overbroad material.

Plaintiffs cannot utilize their claims against Defendant City and County of Honolulu in order to try to expand the scope of discovery as to Defendant Hawaii State Department of Education.  Plaintiffs do not have a Section 1983 <u>Monell</u> claim against the Defendant Hawaii State Department of Education.  Plaintiffs' lawsuit against the Defendant Hawaii State Department of Education is much narrower than their claims against the City and County of Honolulu.  There is no basis for Plaintiffs to depose the Defendant Hawaii State Department of Education regarding civil rights claims unrelated to Plaintiffs.

Courts regularly preclude plaintiffs from deposing 30(b)(6) witnesses about other cases unless directly relevant to the current proceeding.  See <u>Simkins by Simkins v. New York Life Ins. Co.</u>, 2023 WL 6541460, *4 (W.D. Wash. Oct. 6, 2023).  Plaintiffs cannot use the 30(b)(6) deposition as a fishing expedition.  See <u>Rivera v. Nibco, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004).

Plaintiffs' Objection to the Magistrate Judge's ruling as to Topics 4 and 5 is **OVERRULED.**

7

**CONCLUSION**

Plaintiffs' Objection to the Magistrate Judge's April 17, 2024 Order (ECF No. 230) is **OVERRULED**.

IT IS SO ORDERED.

DATED: May 13, 2024, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Tamara Taylor, Individually and on behalf of her minor child, N.B.; N.B. v. City and County of Honolulu; Hawaii State Department of Education; Terri Runge; Christine Neves; Corey Perez; Warren Ford; HPD Defendants 1-10; DOE-HI Defendants 1-10, Civ. No. 22-00013 HG-KJM; **ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S APRIL 17, 2024 DISCOVERY ORDER (ECF NO. 230)**